UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:20-cv-1469

SMART COMMUNICATIONS HOLDING, INC.,

    Plaintiff,

v.

CORRECT SOLUTIONS, LLC, a/k/a
CORRECT SOLUTIONS GROUP, LLC,
MARK TURNER, AND RICK FERGUSON

    Defendants.

_____

**DEFENDANTS' NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendants Correct Solutions, LLC a/k/a Correct Solutions Group ("Correct Solutions"), Mark Turner, and Rick Ferguson (collectively "Defendants"), by and through their undersigned counsel, hereby remove the above-captioned civil action, and all claims and causes of action therein, from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). In support of this Notice of Removal, Defendants state the following:

    1.    On August 2, 2019, Plaintiff Smart Communications Holding, Inc. ("Smart") filed a Complaint for injunctive and declaratory relief in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida in the matter styled

*Smart Communications Holding, Inc. v. Correct Solutions, LLC a/k/a Correct Solutions Group, LLC*, Case No: 19-CA-008089 (the "Suit"). A copy of the Suit docket index is attached hereto as Exhibit A. A copy of all process, pleadings, orders, and other papers filed with the state court in that docket are attached hereto as Composite Exhibit B.

2. On May 29, 2020, Plaintiff Smart filed an Amended Complaint in the Suit which Amended Complaint again seeks injunctive and declaratory relief, but also adds two additional defendants, Mark Turner ("Turner") and Rick Ferguson ("Ferguson"), who are, and at all relevant times have been, employees of Correct Solutions, and adds multiple new claims for damages against all Defendants. The filing of the Amended Complaint was approved by the court through its adoption of an Agreed Order granting Plaintiff's Motion for Leave to File Amended Complaint on May 31, 2020. Acceptances and Waivers of Service of Process of the Amended Complaint on behalf of Turner and Ferguson were executed on June 12, 2020. A copy of the Amended Complaint, with its exhibits, has been filed contemporaneously with the filing of this Notice of Removal.

3. This Court has original jurisdiction over Plaintiff's claims because the action presents a dispute between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Accordingly, this case is removable under 28 U.S.C. § 1441(a).

## DIVERSITY OF CITIZENSHIP

4. Plaintiff in this matter is Smart, a Florida corporation which, at the time the Complaint was filed, at the time the Amended Complaint was filed, at the time of removal,

and at all intervening times, was and continues to be a citizen of the State of Florida with its principal place of business in Pinellas County, Florida.

5.   Defendant Correct Solutions is a Louisiana limited liability company. (See Declaration of Patrick M. Temple, attached hereto as Composite Exhibit C ("Declaration"), at ¶ 5, together with Exhibit 1 thereto). For purposes of diversity jurisdiction, a limited liability company is deemed to be a citizen of any state of which a member of the company is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir.2004). Pursuant to an amendment filed with the Louisiana Secretary of State on June 19, 2019, Correct Solutions consisted of three members, one of which – WMC Enterprises, L.L.C. – contributed its interest in Correct Solutions to McConnell Southeast Holdings, LLC effective March 16, 2020, and the membership and/or beneficial ownership of Correct Solutions is as follows::

> **A. WMC Enterprises, L.L.C.**, a limited liability company organized under the laws of the State of Louisiana. (See Declaration, Composite Exhibit C, at ¶ 5(A), together with Exhibit 2 thereto). WMC Enterprises contributed its interest in Correct Solutions to McConnell Southeast Holdings, LLC effective March 16, 2020. The membership of WMC Enterprises consists of:
>
>> i.   William K. McConnell, a natural person who, at the time the Complaint was filed, at the time the Amended Complaint was filed, at the time of removal, and at all intervening times, was and continues to be a citizen of the State of Louisiana, being domiciled at 200 N. Chautauqua Rd., Ruston,

Louisiana. (See Declaration, Composite Exhibit C, at ¶ 5(A)(i), together with Exhibit 2 thereto).

ii. Wesley W. McConnell, a natural person who, at the time the Complaint was filed, at the time the Amended Complaint was filed, at the time of removal, and at all intervening times, was and continues to be a citizen of the State of Louisiana, being domiciled at 106 N. Chautauqua Rd., Ruston, Louisiana. (See Declaration, Composite Exhibit C, at ¶ 5(A)(ii), together with Exhibit 2 thereto).

iii. Clay K. McConnell, a natural person who, at the time the Complaint was filed, at the time the Amended Complaint was filed, at the time of removal, and at all intervening times, was and continues to be a citizen of the State of Louisiana, being domiciled at 140 Loring Bend, Choudrant, Louisiana. (See Declaration, Composite Exhibit C, at ¶ 5(A)(iii), together with Exhibit 2 thereto).

iv. Melissa M. Merritt, a natural person who, at the time the Complaint was filed, at the time the Amended Complaint was filed, at the time of removal, and at all intervening times, was and continues to be a citizen of the State of Georgia, being domiciled at 351 King Road, Atlanta, Georgia. (See Declaration, Composite Exhibit C, at ¶ 5(A)(iv), together with Exhibit 2 thereto).

**B. McConnell Southeast Holdings, LLC,** a limited liability company organized under the laws of the State of Louisiana. (See Declaration, Composite Exhibit C, at

¶ 5(B), together with Exhibit 3 thereto). On March 16, 2020, WMC Enterprises contributed its interest in Correct Solutions to McConnell Southeast Holdings, LLC in exchange for membership interests in McConnell Southeast Holdings. As of the time of removal, McConnell Southeast Holdings is and continues to be domiciled in the State of Louisiana. The membership of McConnell Southeast Holdings is as follows:

> i. Clay K. McConnell, a natural person who, at the time the Complaint was filed, at the time the Amended Complaint was filed, at the time of removal, and at all intervening times, was and continues to be a citizen of the State of Louisiana, being domiciled at 140 Loring Bend, Choudrant, Louisiana. (See Declaration, Composite Exhibit C, at ¶ 5(B)(i)).
>
> ii. Melissa M. Merritt, a natural person who, at the time the Complaint was filed, at the time the Amended Complaint was filed, at the time of removal, and at all intervening times, was and continues to be a citizen of the State of Georgia, being domiciled at 351 King Road, Atlanta, Georgia. (See Declaration, Composite Exhibit C, at ¶ 5(B)(ii)).
>
> iii. Wesley W. McConnell, a natural person who, at the time the Complaint was filed, at the time the Amended Complaint was filed, at the time of removal, and at all intervening times, was and continues to be a citizen of the State of Louisiana, being domiciled at 106 N.

Chautauqua Rd., Ruston, Louisiana. (See Declaration, Composite Exhibit C, at ¶ 5(B)(iii)).

iv. The Clay K. McConnell Family Trust ("Clay Family Trust"), a Georgia trust settled by Trustor on December 31, 2018, with a mailing address of 192 Bastille Lane, Suite 200, Ruston, Louisiana. (See Declaration, Composite Exhibit C, at ¶ 5(B)(iv)). The Co-Trustees of the Clay Family Trust are as follows:

    a. Clay K. McConnell, a natural person who, at the time the Complaint was filed, at the time the Amended Complaint was filed, at the time of removal, and at all intervening times, was and continues to be a citizen of the State of Louisiana, being domiciled at 140 Loring Bend, Choudrant, Louisiana. (See Declaration, Composite Exhibit C, at ¶ 5(B)(iv)(a)).

    b. Melissa M. Merritt, a natural person who, at the time the Complaint was filed, at the time the Amended Complaint was filed, at the time of removal, and at all intervening times, was and continues to be a citizen of the State of Georgia, being domiciled at 351 King Road, Atlanta, Georgia. (See Declaration, Composite Exhibit C, at ¶ 5(B)(iv)(b)).

v. The Melissa M. Merritt Family Trust ("Melissa Family Trust"), a Georgia trust settle by Trustor on December 29, 2018, with a mailing address of 192 Bastille Lane, Suite 200, Ruston, Louisiana. (See

Declaration, Composite Exhibit C, at ¶ 5(B)(v)). The Trustee of the Melissa Family Trust is as follows:

    a. Melissa M. Merritt, a natural person who, at the time the Complaint was filed, at the time the Amended Complaint was filed, at the time of removal, and at all intervening times, was and continues to be a citizen of the State of Georgia, being domiciled at 351 King Road, Atlanta, Georgia. (See Declaration, Composite Exhibit C, at ¶ 5(B)(v)(a)).

vi. The Wesley W. McConnell Family Trust ("Wesley Family Trust"), a Georgia trust settle by Trustor on December 29, 2018, with a mailing address of 192 Bastille Lane, Suite 200, Ruston, Louisiana. (See Declaration, Composite Exhibit C, at ¶ 5(B)(vi)). The Co-Trustees of the Wesley Family Trust are as follows:

    a. Wesley W. McConnell, a natural person who, at the time the Complaint was filed, at the time the Amended Complaint was filed, at the time of removal, and at all intervening times, was and continues to be a citizen of the State of Louisiana, being domiciled at 106 N. Chautauqua Rd., Ruston, Louisiana. (See Declaration, Composite Exhibit C, at ¶ 5(B)(vi)(a)).

    b. Melissa M. Merritt, a natural person who, at the time the Complaint was filed, at the time the Amended Complaint was filed, at the time of removal, and at all intervening times, was and

continues to be a citizen of the State of Georgia, being domiciled at 351 King Road, Atlanta, Georgia. (See Declaration, Composite Exhibit C, at ¶ 5(B)(vi)(b)).

C. **KPL, L.L.C.**, a limited liability company organized under the laws of the State of Louisiana. (See Declaration, Composite Exhibit C, at ¶ 5(C), together with Exhibit 4 thereto). The membership of KPL consists of:

i. Kelsey T. Phillips, a natural person who, at the time the Complaint was filed, at the time the Amended Complaint was filed, at the time of removal, and at all intervening times, was and continues to be a citizen of the State of Texas, being domiciled at 5731 Stanford Ave., Dallas, Texas. (See Declaration, Composite Exhibit C, at ¶ 5(C)(i), together with Exhibit 4 thereto).

ii. Patrick M. Temple, a natural person who, at the time the Complaint was filed, at the time the Amended Complaint was filed, at the time of removal, and at all intervening times, was and continues to be a citizen of the State of Louisiana, being domiciled at 1065 St. Francis Way, Shreveport, Louisiana. (See Declaration, Exhibit C, at ¶ 5(C)(ii), together with Exhibit 4 thereto).

iii. Leslie T. Horvath, a natural person who, at the time the Complaint was filed, at the time the Amended Complaint was filed, at the time of removal, and at all intervening times, was and continues to be a citizen of the State of Louisiana, being domiciled at 1003 Bonnabel Ct., Shreveport, Louisiana.

(See Declaration, Composite Exhibit C, at ¶ 5(C)(iii), together with Exhibit 4 thereto).

**D. P&A Temple Properties, LP**, a limited partnership organized under the laws of the State of Texas. (See Declaration, Composite Exhibit C, at ¶ 5(D), together with Exhibit 5 thereto). For purposes of diversity jurisdiction, an unincorporated partnership is deemed to be a citizen of any state of which a partner is a citizen. The partnership of P&A Temple Properties consists of:

i. PHT Investments Trust, an express trust created under Texas law, as defined by Texas Property Code Section 111.004. (See Declaration, Composite Exhibit C, at ¶ 5(D)(i)). The trustee of PHT Investments Trust is:

a. Kelsey T. Phillips, a natural person who, at the time the Complaint was filed, at the time the Amended Complaint was filed, at the time of removal, and at all intervening times, was and continues to be a citizen of the State of Texas, being domiciled at 5731 Stanford Ave., Dallas, Texas. (See Declaration, Composite Exhibit C, at ¶ 5(D)(i)(a)).

ii. AMT Investments Trust, an express trust created under Texas law, as defined by Texas Property Code Section 111.004. (See Declaration, Composite Exhibit C, at ¶ 5(D)(ii)). The trustees of AMT Investments Trust are:

a. Kelsey T. Phillips, a natural person who, at the time the Complaint was filed, at the time the Amended Complaint was filed, at the time of

removal, and at all intervening times, was and continues to be a citizen of the State of Texas, being domiciled at 5731 Stanford Ave., Dallas, Texas. (See Declaration, Composite Exhibit C, at ¶ 5(D)(ii)(a)).

b. Ann M. Temple, a natural person who, at the time the Complaint was filed, at the time the Amended Complaint was filed, at the time of removal, and at all intervening times, was and continues to be a citizen of the State of Louisiana, being domiciled at 11020 Seville Quarters, Shreveport, Louisiana. (See Declaration, Composite Exhibit C, at ¶ 5(D)(ii)(b)).

iii. P.H. Temple Management, L.L.C., a limited liability company organized under the laws of the State of Louisiana. (See Declaration, Composite Exhibit C, at ¶ 5(D)(iii), together with Exhibit 6 thereto). The membership of P.H. Temple Management consists of:

a. Patrick M. Temple, a natural person who, at the time the Complaint was filed, at the time the Amended Complaint was filed, at the time of removal, and at all intervening times, was and continues to be a citizen of the State of Louisiana, being domiciled at 1065 St. Francis Way, Shreveport, Louisiana. (See Declaration, Composite Exhibit C, at ¶ 5(D)(iii)(a), together with Exhibit 6 thereto).

b. Ann M. Temple, a natural person who, at the time the Complaint was filed, at the time the Amended Complaint was filed, at the time of removal, and at all intervening times, was and continues to be a citizen

of the State of Louisiana, being domiciled at 11020 Seville Quarters, Shreveport, Louisiana. (See Declaration, Composite Exhibit C, at ¶ 5(D)(iii)(b), together with Exhibit 6 thereto).

c. The Estate of Patrick H. Temple, a testamentary estate placed under the administration of Patrick M. Temple on May 22, 2019. At the time of his death, Patrick H. Temple was a citizen of, and the estate is being administered in, the State of Louisiana. (See Declaration, Composite Exhibit C, at ¶ 5(D)(iii)(c), together with Exhibit 7 thereto).

6. Thus, in accordance with applicable law and jurisprudence governing citizenship for purposes of diversity jurisdiction, Defendant Correct Solutions, at the time the Complaint was filed, at the time the Amended Complaint was filed, at the time of removal, and at all intervening times, was and continues to be deemed to be a citizen of the states of Louisiana, Texas, and Georgia.

7. Defendant Turner is a natural person who, at the time the Complaint was filed, at the time the Amended Complaint was filed, at the time of removal, and at all intervening times, was and continues to be a citizen of the State of Texas, being domiciled at 555 Hidden Valley Road, Wills Point, Texas.

8. Defendant Ferguson is a natural person who, at the time the Complaint was filed, at the time the Amended Complaint was filed, at the time of removal, and at all intervening times, was and continues to be a citizen of the State of Texas, being domiciled at 902 Camille Drive, Longview, Texas.

9. Being that all Defendants are citizens of Louisiana, Texas, and/or Georgia, and Plaintiff is a citizen of Florida, complete diversity of citizenship is present.

**AMOUNT IN CONTROVERSY**

10. In Count XIV of the Amended Complaint, Plaintiff Smart alleges a cause of action against Defendant Correct Solutions for Tortious Interference with an Advantageous Business Relationship between Smart and the Pope County Sheriff's Office in Pope County, Arkansas ("Pope County"). Amended Complaint, pp. 53-55.

11. Specifically, Plaintiff alleges that, pursuant to the terms of a March 2016 contract for services with Pope County, Smart had a "reasonable expectation that the parties would continue to operate under the current term of the Pope County Agreement, through April 15, 2022, with an additional four-year term thereafter through April 15, 2026." (Amend. Compl., p. 54 at ¶ 280.) According to the allegations, Pope County either terminated or refused to renew its contract with Smart in March of 2020.

12. Plaintiff's cause of action rests on the allegation that, but for the alleged interference of Correct Solutions, Smart would have continued to profit from the agreement with Pope County. Thus, the minimum value of the claim is determinable by a valuation of lost profits attributable to the allegedly premature termination of the agreement between Smart and Pope County.

13. On April 2, 2020, Smart Communications Collier, Inc. ("Smart Collier"), filed suit against the Pope County Sheriff's Office in the U.S. District Court for the Eastern District of Arkansas. The complaint filed in that action alleges that the plaintiff suffered lost profits as a result of Pope County's breach of contract. Exhibits to that complaint show

that contract in question is the exact same contract at the center of Smart's tortious interference claims against Correct Solutions in the Amended Complaint. (See Exhibit I, attached).

14. In the complaint filed in the Eastern District of Arkansas, Smart Collier alleged that Pope County "made a promise to Smart that they would continue to use Smart's services until at least April 15, 2026," but that, as a result of Pope County's alleged breach of the contract by early termination, "Smart has been damaged, continues to be damaged, and will be damaged in the future in an amount that will be proved at the trial of this action but in excess of $75,000."

15. Smart Collier's claim against Pope County and Smart's claim against Correct Solutions in the Amended Complaint arise out of the same contract, state the same injury, allege the same source of lost profit, but under different causes of action.

16. Thus, the allegations made by Smart Collier in the Eastern District of Arkansas regarding the value of lost profits attributable to the premature termination of their contract with Pope County should be regarded as sufficient to establish an amount in controversy in excess of $75,000.

17. Further, Smart has alleged in the Amended Complaint that Correct Solutions has allegedly breached the contract between Smart and Correct Solutions, the Master Services Agreement, and purportedly caused Smart damages resulting from Correct Solutions' actions with respect to three of Correct Solutions' correctional facility customers: Washington County, Sebastian County and Avoyelles Parish. (Amend. Compl., pp. 36-48, at Counts III - XI.) Based upon the alleged amount in controversy for one

correctional facility in the Smart Collier v. Pope County suit being in excess of $75,000, it is reasonable to estimate that the amount in controversy in the Amended Complaint, which asserts damages related to the loss of business at three additional correctional facilities, exceeds $75,000.

18.     Further, Smart alleges in the Amended Complaint that Correct Solutions purportedly caused it damages by interfering with its advantageous business relationship with the Pope County and Greene County correctional facilities. (Amend. Compl., pp. 49--53, at Counts XIII - XIV.) Again, as damages asserted in the Smart Collier v. Pope County suit exceed $75,000, it is reasonable to estimate that the amount in controversy in the Amended Complaint, which asserts damages related to the loss of business at Pope County and Greene County correctional facilities (in addition to the other three correctional facilities that are Correct Solutions' customers), exceeds $75,000.

## TIMELINESS OF REMOVAL

19.     Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons to file the notice of removal. 28 U.S.C. § 1446(b)(2)(B). If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3).

20.     Defendants Turner and Ferguson were not made defendants in the original Complaint but were added as defendants in the Amended Complaint filed on May 29, 2020.

Turner and Ferguson accepted and waived service of the Amended Complaint on June 12, 2020. Thus, this Notice of Removal is timely as to defendants Turner and Ferguson.

21. Defendant Correct Solutions was served with the original Complaint on August 8, 2019.

22. The original Complaint in this matter neither alleged nor requested monetary damages. Plaintiff only alleged "irreparable harm" and prayed that the court "enter an Order (a) prohibiting Defendant, Correct Solutions, LLC from terminating the Agreement; (b) prohibiting Correct Solutions from taking steps in furtherance of terminating the Agreement, including, disconnecting or removing Plaintiff's equipment or services from any Joint Customer during the term of the Joint Customer's agreement with Correct Solutions, informing any Joint Customer that Plaintiff and Defendant do not have a contractual relationship, or otherwise disavowing Smart Communications' status as the exclusive provider of messaging and related services for the Joint Customers; and (c) for such further relief as the Court deems just and proper." (Compl. p. 21.)

23. Having stated no cause of action arising under federal law and making no claims as to any amount in controversy or monetary damages, the case presented in the original Complaint was not removable.

24. On May 29, 2020, Plaintiff filed the Amended Complaint, adding twelve (12) additional counts, alleging monetary damages for the first time, and naming Turner and Ferguson as additional defendants. The Amended Complaint alleges claims under Florida state law for Tortious Interference with an Advantageous Business Relationship (Counts V, VIII, IX, XIII, and XIV), Breach of Implied Covenant of Good Faith and Fair

Dealing (Counts IV, VII, and X), Breach of Contract (Counts III and IX), Deceptive and Unfair Trade Practices (Count XVI), and Unfair Competition (Count XV), and Fraud (Count XII). Whereas the original Complaint requested relief only in the form of a an order of the court, the new causes of action added by the Amended Complaint request relief in the form of "damages, special damages, lost profits, disgorgement of CSG's profits, interest, costs, and for such further relief as the Court deems just and proper. (Amend. Compl., Counts III-XVI.) Furthermore, all of the newly added causes of action included in the Amended Complaint (Counts III-XVI) rest upon allegations of fact regarding events which allegedly occurred after the original Complaint was filed (See Amend. Compl., ¶ 90-147).

25. The nature of the claims asserted in the Amended Complaint substantially altered the character of the litigation and provided Defendant Correct Solutions with the first indication that monetary damages were being sought and the amount in controversy was in excess of $75,000.

26. Thus, Correct Solutions' right to seek removal did not arise until the filing of the Amended Complaint on May 29, 2020. Consequently, this notice of removal is timely as to Defendant Correct Solutions.

27. In the alternative, Correct Solutions consents to the removal by Defendants Turner and Ferguson, pursuant to 28 U.S.C. 1446(b)(2)(C).

## CONCLUSION

This Court has original jurisdiction over this case under 28 U.S.C. § 1332(a)(1) because Plaintiffs' Amended Complaint presents a controversy between parties of diverse

citizenship and the amount of controversy exceeds $75,000, exclusive of interests and costs. Accordingly, this case is removable under 28 U.S.C. § 1441(a).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 26, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Brad F. Barrios, Esquire, David A. Hayes, Esquire, and Kenneth G. Turkel, Esquire**, Bajo Cuva Cohen & Turkel, 100 North Tampa Street, Suite 1900, Tampa, FL 33602; bbarrios@bajocuva.com; dhayes@bajocuva.com; kturkel@bajocuva.com; tdeleo@bajocuva.com as attorneys for the Plaintiff.

HARLLEE & BALD, P.A.

By: /s/ Kimberly A. Bald
KIMBERLY A. BALD, Trial Counsel
Florida Bar No.: 0434190
JAMES E. LYNCH
Florida Bar No: 0046219
202 Old Main Street
Bradenton, FL 34205
Telephone: 941-744-5537
Facsimile: 941-744-5547
E-mail: KAB@harlleebald.com
E-mail: JEL@harlleebald.com
E-mail: PT@harlleebald.com
E-mail: CL@harlleebald.com
Attorneys for Correct Solutions, LLC
a/k/a Correct Solutions Group
Mark Turner, and Rick Ferguson