# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

SMART COMMUNICATIONS HOLDING, INC.,

        Plaintiff,

V    .                          CASE NO. 8:20-cv-01469-T-30JSS

CORRECT SOLUTIONS, LLC, a/k/a
CORRECT SOLUTIONS GROUP, LLC,

        Defendants.
_____/

CORRECT SOLUTIONS, LLC, a/k/a
CORRECT SOLUTIONS GROUP, LLC,

        Counter-Plaintiff,
vs.

SMART COMMUNICATIONS HOLDING, INC.
and SMART COMMUNICATIONS COLLIER, INC.,

        Counter-Defendants.
_____/

## CORRECT SOLUTIONS, LLC'S MOTION FOR ORDER VACATING CONFIDENTIALITY DESIGNATIONS AND MEMORANDUM OF LAW IN SUPPORT

Defendant/Counter-Plaintiff, Correct Solutions, LLC, ("Correct"), respectfully moves this Court for the entry of an Order Vacating Confidentiality Designations made by Plaintiff/Counter-Defendant, Smart Communications Holding, Inc. ("Smart"), as to deposition testimony, deposition exhibits and Smart's Confidential Supplement to Amended Rule 26 Disclosures of Smart Communications Holding, Inc. to Identify Damages by Count dated August 27,

2021 relied on and cited by Correct in its Motion for Partial Summary Judgment and Incorporated Memorandum of Law (Doc. 130) and Statement of Material Facts in Support of Motion for Partial Summary Judgment (Doc. 137-1). As explained herein, the information designated by Smart as being confidential does not qualify as confidential, the information is needed by Correct to refute the claims of Smart as shown by Correct's dispositive motion and for use at trial, and Smart's confidentiality designations were not made in good faith as the evidence designated as confidential by Smart primarily only includes testimony and evidence that is damaging to Smart's case as opposed to legitimate confidential information.

In support hereof, Correct submits the following:

1.     This is an action arising from a Master Services Agreement ("MSA") and Schedules executed by Smart and Correct, which allowed Smart to provide tablets, kiosks and related services to eight of Correct's correctional facility customers.

2.     Correct provides telephone equipment and services to correctional-facilities and charges inmates or their contacts on a per-minute basis. Correct shares its revenue with its correctional facility customers. (Doc. 93, ¶12-13; Doc. 105, ¶5-7; T. 12/19/19, 147:20-148:4).[1] Correct has contracts with more than eighty

---

[1] Correct has cited to deposition transcript excerpts and exhibits which were filed in support of its Motion for Partial Summary Judgment and Incorporated Memorandum of Law (Doc. 130) and its Statement of Material Facts in Support of Motion for Partial Summary Judgment (Doc. 137-1). Citations to deposition transcripts are designated as witness name and "V#" for volume (if

correctional facilities located throughout the United States. (Doc. 105, ¶7; T. 12/19/19, 147:20-148:4).

3.      Smart provides tablets, kiosks and related services to correctional facilities. (Doc. 93, ¶8; Doc. 105, ¶8). In early 2019, after Correct and Smart started their business relationship, Smart began to offer inmate telephone equipment and services. (Smart V1, 228:17-23, 229:3-13; Correct V1, 221:13-222:11).

4.      Correct and Smart first executed a Mutual Confidentiality and Non-Disclosure Agreement ("NDA"). (T. 12/19/19, 149:23–150:3; Doc. 93, ¶19, 93-1). Thereafter, Correct and Smart executed the MSA and eight Schedules for Smart to provide its tablets, kiosks and related services to eight of Correct's correctional facility customers. (Doc. 105-2, p. 2-7). Smart was a subcontractor of Correct and Smart had no contract with Correct's customers. (T. 12/19/19, 152:7-9; Correct V1, 102:1-4, 102:9-22).

5.      After disputes arose between Correct and Smart as to the conduct of the parties and the rights of each under the NDA, MSA and Schedules, Smart filed a lawsuit on August 2, 2019 in state court in Hillsborough County, Florida which was subsequently removed by Correct to this Court on June 26, 2020. (Doc. 1).

6.      The current operative pleadings are Smart's Fourth Amended Complaint (Doc. 93), Correct's Answer, Affirmative Defenses and Fourth Amended

---

applicable) and page:line number, and exhibits shall be "P-#" for Smart's exhibits and "D-#" for Correct's exhibits.

Counterclaim (Doc. 105), and Smart's Answer and Affirmative Defenses to Fourth Amended Counterclaim (Doc. 108).

7.     In the Fourth Amended Complaint (Doc. 93), Smart seeks damages against Correct based on allegations of breach of contract and breach of the duty of good faith and fair dealing regarding the MSA and Schedules as to Washington County (Counts III and IV), Sebastian County (Counts V and VI) and Bowie County (Counts V and VI). Smart further alleges claims of fraud (Count VII) and unfair competition (Count X). Smart also seeks declaratory judgment in Counts I and II.

8.     In its Fourth Amended Counterclaim (Doc. 105), Correct seeks damages against Smart for breach of contract regarding the NDA and MSA (Count I), breach of contract and breach of duty of good faith and fair dealing for Sebastian County (Counts III and IV), damages against Smart and its sister entity, Smart Communications Collier, Inc., for tortious interference as to Sebastian County (Count V) and unfair competition (Count VI). Correct also seeks declaratory judgment in Counts II and III of its Fourth Amended Counterclaim.

9.     Correct's Affirmative Defenses and Fourth Amended Counterclaim are based on the failures and misconduct of Smart in three primary areas:

(a) Smart providing Correct's customers with defective tablets and kiosks, its failure and, in some cases refusal, to provide ruggedized, correctional grade tablets as required by the MSA/Schedules, which were necessary for safety at the facilities, failing to remedy persistent problems

including broken tablets and nonfunctioning kiosks, and Smart's poor and untimely services and responses to complaints received from the facilities;

(b)    The efforts of Smart and Smart Collier to steal Correct's customers; and

(c) After Smart entered the inmate telephone business, Smart and Smart Collier attempted to deprive Correct of the maintenance and updates for its telephone platform.

10.    On November 1, 2021, Correct filed its Motion for Partial Summary Judgment and Incorporated Memorandum of Law (Doc. 130) ("Motion for Partial Summary Judgment"). Correct also filed a Statement of Material Facts in Support of Motion for Partial Summary Judgment (Doc. 137-1) ("Statement of Material Facts").

11.    Pursuant to its Motion for Partial Summary Judgment, Correct seeks judgment in its favor as to Counts II, III, IV, V, VI, VII, and X of Smart's Fourth Amended Complaint (Doc. 93) and Smart's claim for punitive damages (Doc. 93). Correct also seeks judgment as to Count II of its Fourth Amended Counterclaim (Doc. 105).

12.    While this action was pending in state court, the parties conducted extensive paper discovery. To address concerns of the parties that they may be required to produce confidential or sensitive information during discovery, the parties executed a Stipulation for the Production and Exchange of Confidential

Information ("Confidentiality Stipulation") (Doc. 35-1 and 45-1).[2] Since this action was removed to federal court, this Court has entered an Order (Doc. 54) adopting, in part, a Protective Order (Doc. 45-2) sought by Smart in its Motion for Entry of Two-tiered Protective Order (Doc. 45), which address the issue of confidentiality.

13.     In response to discovery requests, the parties produced a substantial number of documents. After this action was removed to federal court, the parties have taken extensive depositions, which have included depositions of the correctional facilities at issue, employees of the correctional facilities, corporate representatives of the parties, individual employees of the parties, and expert witnesses retained by the parties.

14.     Smart has designated entire depositions, excerpts of deposition testimony, and deposition exhibits as "confidential" under the Confidentiality Stipulation and this Court's Order (Doc. 54) dated December 2, 2020.

15.     This Motion addresses the deposition excerpts, deposition exhibits and Confidential Supplement to Amended Rule 26 Disclosures of Smart Communications Holding, Inc. to Identify Damages by Count dated August 27, 2021, which were marked "confidential" by Smart. Correct cited and relied upon all the foregoing materials in its Motion for Partial Summary Judgment and Statement of Material Facts (Doc. 130 and 137-1).

---

[2] A Stipulation for the Production and Exchange of Confidential Information (Doc. 35-1) was entered into in the state court proceeding and the same Stipulation for the Production and Exchange of Confidential Information (Doc. 45-1) was also entered into in this federal proceeding.

16.     Before the parties commenced deposition discovery, on August 21, 2020 Correct filed a Motion for Order Vacating Confidential Designations and Memorandum of Law in Support (Doc. 35) ("Motion to Vacate Confidential Designations"). The Motion to Vacate Confidential Designations was limited to challenging the confidential designation by Smart as to eleven pages of documents produced by Smart, which are bates numbered as SMART COMM 006546 – SMART COMM 006556. The eleven pages that Smart designated as confidential consist of memorandums prepared by Smart pertaining to its communications with some of the correctional facilities at issue in this case. Several of the memorandums were subsequently marked as deposition exhibits.

17.     On October 1, 2020, United States Magistrate Judge Julie S. Sneed heard argument on Correct's Motion to Vacate Confidential Designations, which was limited to the memoranda authored by Jerry Lipsey, who was an employee of Smart that interacted with the correctional facilities. Some of the memoranda are included in paragraph 24 of this Motion as they have been used as exhibits during depositions that have been taken in this action and are cited in Correct's Motion for Partial Summary Judgment.

18.     By Order (Doc. 50) dated October 16, 2020, Magistrate Judge Sneed denied the Motion to Vacate Confidential Designations, without prejudice. Magistrate Judge Sneed explained in her Order that she was denying the relief sought by Correct because it was premature. Magistrate Judge Sneed stated:

> [A]t this time, [Correct] has not identified any motion that it intends to support with the challenged materials. In addition, although [Correct] argues that it intended to rely on the challenged materials in support of its Affirmative Defenses and Amended Counterclaim, under Local Rule 3.03, discovery materials would not ordinarily be filed in support of a pleading.
>
> &#42;&#42;&#42;
>
> [T]he court concludes that [Correct's] request to vacate specific confidentiality designations is premature at this time because [Correct] has not sought to file the challenged materials in support of any motion.

(Doc. 50, pp. 4-5).

19. The circumstances are now different. The issue is no longer premature because Correct seeks to file the challenged materials in connection with its Motion for Partial Summary Judgment and Statement of Material Facts.

20. While Magistrate Judge Sneed denied the Motion to Vacate Confidential Designations in October 2020, without prejudice, because it was premature at the time, Magistrate Judge Sneed indicated that Correct's argument had merit. Specifically, Magistrate Judge Sneed explained:

> The Court further acknowledges, however, that [Correct's] argument, while premature, is not without merit. The challenged materials, which the parties furnished to the Court for *in camera* review, consist of summaries of quality assurance visits made by Smart's representatives to the parties' shared correctional facility clients. Under the terms of the Confidentiality Agreement, the burden of demonstrating good cause to support confidentiality designations remains with the party that makes the designation. (*Id.* ¶9). The good cause requirement 'contemplates a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.' *Barnello v. Bayview Loan Servicing, LLC*, No. 6:14-cv—1383-Orl-41TBS, 2015 WL 5782346, at *5 (M.D. Fla. Sept. 2, 2015). At this time, it is unclear whether Smart could meet this standard regarding the 11 pages of quality assurance summaries at issue. *See, e.g., Barnello v. Bayview Loan Servicing, LLC*, No.

614CV13830RL41TBS, 2015 WL 5782346, at *5 (M.D. Fla. Sept. 2, 2015) (noting that party claiming confidentiality had made no showing that "the information truly is confidential, what steps it takes to preserve the confidentiality of the information, or how disclosure of the information might be harmful"); *see also Brown v. Vivint Solar, Inc.*, No. 8:18-CV-2838-T-24JSS, 2020 WL 3250191, at *3 (M.D. Fla. Apr. 28, 2020) (overruling confidentiality objection as to "evidence that does not contain non-party customer information but relates solely to Solar Mosaic's process of handling the customer complaints").

(Doc. 50, p. 5) (emphasis added).

21.     On September 27, 2020, Smart filed a Motion for Entry of Two-Tiered Protective Order (Doc. 45) which was granted in part by Order (Doc. 54) dated December 2, 2020. In the Order, Magistrate Judge Sneed held that Smart's proposed attorney's eyes only ("AEO") provision was "too broad in that it only limits either party's ability to designate items as AEO based on counsel's good faith belief that the materials 'are of a commercially or other sensitive nature, the disclosure of which could reasonably be expected to result in injury to the producing party.'" (Doc. 54; Doc. 45-2 ¶2.)  Magistrate Judge Sneed limited the AEO provision to only "revenue reports and commission reports." (Doc. 54, p. 9).

22.     In accordance with the December 2, 2020 Order (Doc. 54), when Correct filed its Motion for Partial Summary Judgment and Statement of Material Facts (including the deposition excerpts and deposition exhibits filed in support thereof), Correct redacted testimony and exhibits that were designated by Smart as Confidential or AEO.

23.    Correct asserts the confidential designation of the testimony and deposition exhibits listed below should be removed as the testimony and exhibits are not confidential and such a designation by Smart was not in good faith. Rather, the testimony and exhibits are non-confidential admissible evidence, which include testimony by the facilities and admissions by Smart negating the factual allegations in Smart's Complaint, supporting Correct's Affirmative Defenses and Counterclaim, and are relied on by Correct in its Motion for Partial Summary Judgment and Statement of Material Facts (Doc. 130 and 137-1).

24.    The following deposition excerpts, deposition exhibits and the Confidential Supplement to Amended Rule 26 Disclosures of Smart Communications Holding, Inc. to Identify Damages by Count dated August 27, 2021 do not contain any confidential information and their designation by Smart as confidential is improper and should be vacated and removed:

a.    <u>Deposition of James Logan dated May 21, 2021</u>:

▪ Deposition excerpt at p. 41:13-15 (Testimony regarding Jon Logan's background).

b.    <u>Deposition of Jon Logan, individually and as Corporate Representative of Smart, dated May 20, 2021 (Vol. 1)</u>:

▪ Deposition excerpts at p. 15:7-15 and 15:19-25 (Testimony regarding Jon Logan's background).

c.    <u>Deposition of Jon Logan, individually and as Corporate Representative of Smart, dated May 21, 2021 (Vol. 2)</u>:

▪ Defendant's Exhibit #57 (Email from Jim Logan to Jon Logan commenting on Washington County and forwarding email from Jerry Lipsey regarding discussion with Washington County).

▪ Deposition excerpts at p. 420:22-422:7 and 422:14-423:22 (Testimony regarding Defendant's Exhibit #57 and related subjects).

d. <u>Deposition of Corporate Representative of Sebastian County, AR Sheriff's Office dated February 24, 2021 (Vol. 2)</u>:

▪ Defendant's Exhibit #11 (Memorandum regarding discussions between Jerry Lipsey and Sebastian County).

▪ Deposition excerpts at p. 8:17-10:21; 11:7-12:8; 14:11-14; and 39:10-40:15 (Testimony regarding the substance of visits and discussions between Jerry Lipsey and Sebastian County and Defendant's Exhibit #11).

e. <u>Deposition of Corporate Representative of Washington County, AR Sheriff's Office dated January 19 and 20, 2021 (Vol. 1 and Vol. 2)</u>:

▪ Defendant's Exhibit #4 (Memorandum regarding Jerry Lipsey's discussions with Washington County).

▪ Defendant's Exhibit #5 (This exhibit is the same as Defendant's Exhibit #57 – see subparagraph (c) above).

▪ Deposition excerpt (Vol. 1) at p. 195:11-198:17 (Testimony regarding Defendant's Exhibit #5 and related matters).

▪ Deposition excerpt (Vol. 2) at p. 362:5-363:11 (Testimony regarding Defendant's Exhibit #5).

f. <u>Deposition of Jerry Lipsey dated April 30, 2021</u>:

▪ Defendant's Exhibit #4 (Email from Jerry Lipsey to Jon Logan regarding Jerry Lipsey's meetings with Sebastian County).

▪ Defendant's Exhibit #9 (This exhibit is the same as Defendant's Exhibit #11 – see subparagraph (d) above).

▪ Defendant's Exhibit #12 (This exhibit is the same as Defendant's Exhibit #4 – see subparagraph (e) above).

▪ Defendant's Exhibit #17 (Email from Jerry Lipsey to Jon Logan regarding Washington County conversation and Sheriff's Conference).

▪ Deposition excerpts at pp. 48:23-49:22; 52:17-21; 53:7-54:16; 60:22-62:15; 80:16-82:17; 89:25-92:22; 93:24-94:5; 96:4-19; 97:9-98:5; 102:24-103:9 (Testimony regarding discussions with Sebastian County, Washington County, some of the above-referenced exhibits and related subjects).

g. <u>Confidential Supplement to Amended Rule 26 Disclosures of Smart Communications Holding, Inc. to Identify Damages by Count dated August 27, 2021</u>.

25. Correct respectfully submits that based on the procedures set forth in the Confidentiality Stipulation and this Court's Orders, perhaps the best way for this Court to resolve the issues presented in this Motion is for the Court to conduct an *in camera* review of the subject deposition excerpts, deposition exhibits, and the Confidential Supplement to Amended Rule 26 Disclosures of Smart Communications Holding, Inc. to Identify Damages by Count, which were designated as confidential by Smart.

## **MEMORANDUM OF LAW**

26. The parties initially set forth in the Confidentiality Stipulation (Doc. 35-1) the procedure to be followed if a party disputes a confidential designation on a document. The process as set forth in paragraph 9 states as follows:

> During the pendency of the Litigation, <u>any Party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material may, after making a good-faith effort to resolve any such objection, file a motion, on reasonable notice for an order vacating the designation</u>. While such a motion is pending, the Discovery Material in question shall be treated as currently designated pursuant to this Stipulation.

> The provisions of this Stipulation are not intended to shift any burdens of proof, including the burden of establishing that any Discovery Material validly constitutes Confidential Discovery Material, which burden remains on the Party that designates such Discovery Material as Confidential. A Party shall not be obligated to challenge the propriety of the designation of information or documents as Confidential at the time made, and failure to do so shall not preclude a subsequent challenge thereof.

(Emphasis added).

27. Subsequently, the Court entered its Order (Doc. 54) dated December 2, 2020 adopting, in part, the Protective Order (Doc. 45-2) filed by Smart, which now govern the procedures to be followed regarding confidential and AEO designations.

28. The Court has previously explained that "[alt]hough a stipulated protective order may provide that document designated as confidential are presumptively protected, a party's calling a document confidential pursuant to a protective order does not make it so when it comes to filing the document with the court." *Regions Bank v. Kaplan*, Case No. 8:16-cv-2867-T-23AAS, 2017 WL 11025768, at *1 (M.D. Fla. Dec. 11, 2017) (emphasis added), quoting *Joao Bock Transaction Sys., LLC v. Fidelity Nat. Info. Servs., Inc.*, Case No. 3:13-cv-223-J-32JRK, 2014 WL 279656, at *1 (M.D. Fla. Jan. 24, 2014).

29. Federal Rule of Civil Procedure 26(c)(1) contemplates protection for "trade secret or other confidential research, development, or commercial information". Fed.R.Civ.P. 26(c)(1)(G). The standard used to determine whether trade secrets and other confidential information are entitled to protection is

whether the disclosure of such information would result in a "specified harm." *See, Lockheed Martin Corp. v. Boeing Co.*, No. 6:03CV796 ORL28KRS, 2005 WL 5278461 (M.D. Fla. Jan. 26, 2005).

30.     The testimony referenced above in paragraphs 24(a) and (b) pertains to public record information, is the subject of the Affidavit of Mark Turner (Doc. 134-2) filed by Correct in support of its Motion for Partial Summary Judgment, is material to this case, and is not confidential.

31.     The testimony and exhibits referenced above in paragraphs 24(c), (d), (e), and (f) fall within the holding in *Brown v. Vivint Solar, Inc.,* which was cited by Magistrate Judge Sneed in her Order (Doc. 50) dated October 16, 2020, wherein the Court overruled a confidentiality objection as to evidence that "relates solely to [a party's] process of handling the customer complaints." *Brown v. Vivint Solar, Inc.*, No. 8:18-CV-2838-T-24JSS, 2020 WL 3250191, at *3 (M.D. Fla. Apr. 28, 2020). The testimony and exhibits in paragraphs 24(c), (d), (e), and (f) also contain admissions by Smart that are relevant and admissible, that refute allegations made by Smart in this action, and support Correct's Motion for Partial Summary Judgment.

32.     Smart's confidential designation of the testimony and exhibits referenced in paragraph 24(a)-(f) above is improper and should be vacated because the testimony and exhibits are not legitimate confidential information.

33.     The testimony and exhibits contain non-privileged and non-confidential matters that are relevant to Correct's Motion for Partial Summary

Judgment and Correct's Statement of Material Facts, and the testimony and exhibits are necessary to the disposition of the claims and defenses that are pending before the Court.

34.     Likewise, Smart designated as confidential its Confidential Supplement to Amended Rule 26 Disclosures of Smart Communications Holding, Inc. to Identify Damages by Count dated August 27, 2021 ("Supplement to Amended Disclosure"), which is referenced in paragraph 24(g) above.

35.     Smart's Supplement to Amended Disclosure is not confidential and does not contain any information that can be justifiably classified as confidential. The Supplement to Amended Disclosure contains no financial information or data and no actual damage amounts or calculations. Rather, the Supplement to Amended Disclosure includes only a general description of the factual basis for and the nature of the damages that Smart claims it intends to seek at trial, such as the types of damages Smart purports to claim based on the causes of action contained in its pleadings, the period(s) of time during which Smart believes it is entitled to recover damages, including its basis for future damages, and other similar general information. There is no business or confidential information contained in the Supplement to Amended Disclosure. Rather, the Supplement to Amended Disclosure refers this Court and Correct to the Amended Expert Report of Smart's expert for any financial data, damage amounts and damage calculations.

36.     The deposition excerpts, deposition exhibits and the Supplement to Amended Disclosure do not contain any business information that could be used

by Correct other than in support of its Motion for Partial Summary Judgment and to refute Smart's claims. As Smart represented to this Court in its Motion for Two-tiered Protective Order, the purpose of the stipulation entered by the parties was to protect "each party's confidential business information." (Doc. 45). It does not and should not be used by Smart to hide factual admissions or positions taken during this litigation which refute the merits of Smart's claims and damages.

37.     Correct requests this Court to vacate the confidential designation of the materials referenced in paragraph 24 above so Correct can submit an unredacted Motion for Partial Summary Judgment and Statement of Material Facts, and file the unredacted deposition testimony, deposition exhibits, and Supplement to Amended Disclosure cited therein. This will permit the Court to have all relevant facts and documents to rule on Correct's Motion for Partial Summary Judgment.

## **MIDDLE DISTRICT LOCAL RULE 3.01(G) CERTIFICATION**

Pursuant to Local Rule of United States District Court of the Middle District of Florida 3.01(g), the Confidentiality Stipulation and Order (Doc. 54), counsel for Correct hereby confirm a good faith effort was made to resolve Correct's objections to Smart's confidentiality designations for the materials referenced above in paragraph 24(a)-(g). Smart does not oppose the relief requested as to the Confidential Supplement to Amended Rule 26 Disclosures of Smart Communications Holding, Inc. to Identify Damages by Count dated August 27,

2021 listed in paragraph 24(g). Smart is opposed to the relief requested as to the remaining documents listed in paragraph 24(a)-(f).

WHEREFORE, Correct respectfully requests this Honorable Court to:

A.     Vacate Smart's confidential designations of the materials referenced in paragraph 24(a)-(g) herein;

B.     Authorize Correct to file an unredacted Motion for Partial Summary Judgment (Doc. 130) and Statement of Material Facts (Doc. 137-1);

C.     Authorize Correct to file the unredacted deposition testimony, deposition exhibits, and Supplement to Amended Disclosure that are referenced in paragraph 24(a)-(g) and which were cited in Correct's Motion for Partial Summary Judgment (Doc. 130) and Statement of Material Facts (Doc. 137-1); and

D.     Grant such other and further relief as the Court deems necessary or appropriate.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on November 10, 2021, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

HARLLEE & BALD, P.A.

By: _/s/  *Kimberly A. Bald*_
        KIMBERLY A. BALD, Trial Counsel
        Florida Bar No.: 0434190
        ADAM MOHAMMADBHOY
        Florida Bar No.: 0136367
        JAMES E. LYNCH
        Florida Bar No: 0046219

202 Old Main Street
Bradenton, FL 34205
Telephone: 941-744-5537
Facsimile: 941-744-5547
E-mail: KAB@harlleebald.com
E-mail:  AM@harlleebald.com
E-mail: JEL@harlleebald.com
E-mail: MAA@harlleebald.com
E-mail: LS@harlleebald.com
E-mail: LLP@harlleebald.com
Attorneys for Correct Solutions, LLC
a/k/a Correct Solutions Group

    and

LUKE F. PIONTEK
Louisiana Bar No. 19979
GEORGE HARDY
Louisiana Bar No. 38012
Roedel, Parsons, Blache,
Fontana, Piontek & Pisano
8440 Jefferson Highway, Suite 301
Baton Rouge, LA. 70809
Telephone: 225/929-7033
Facsimile: 225/928-4925
Email: LPiontek@roedelparsons.com
Email: GHardy@roedelparsons.com
Co-Counsel for Defendants Correct
Solutions, LLC a/k/a Correct Solutions
Group