UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SMART COMMUNICATIONS
HOLDING, INC.

    Plaintiff,

Case No: 8:20-cv-1469-T-30JSS

vs.

CORRECT SOLUTIONS, LLC,
a/k/a CORRECT SOLUTIONS
GROUP, LLC,

    Defendants.
_____/

## SMART'S MOTION TO VACATE CONFIDENTIALITY CLAIMS BY CORRECT SOLUTIONS

Plaintiff/Counter-Defendant, Smart Communications Holding, Inc. and Counter-Defendant, Smart Communications Collier, Inc. (collectively, "Smart") move this Court for entry of an order vacating confidentiality claims by Defendant/Counter-Plaintiff, Correct Solutions, LLC ("CSG") and deeming certain information and materials as non-confidential. In support, Smart states as follows:

## INTRODUCTION

CSG has designated certain information in this case as "confidential." The information is: (a) an internal email explaining one reason why it lowered the rate it charged a particular customer, *see* Smart's Amended Statement of Material Facts, ¶ 8(i) and Ex. D [Doc. 141]; and (b) a 12 paragraph "Summary of Opinions" section of CSG's Expert Witness's report, which identifies the dollar amount of the damages

CSG claims in connection with its counterclaim in this case. *See id*, ¶ 8(aa) (the "Subject information"). There is nothing confidential about either piece of information and both pieces of information are germane to Smart's motion for summary judgment. Accordingly, Smart respectfully asks this Court to enter an order finding that this information is not confidential so it can be filed with and considered by the Court.

## BACKGROUND

This is a lawsuit between two competitors that provide telephone and messaging services to correctional facilities. To protect each party's confidential, proprietary, and commercially sensitive information, Smart filed a Motion for Entry of Two-Tiered Protective Order [Doc. 45]. On December 2, 2020, the Court granted, in part, Smart's motion and adopted Smart's proposed Protective Order [Doc. 45-2] (the "Protective Order")[1]. *See* Doc. 54.

The Protective Order permits any party:

> to designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" any information which that party produces in this case … that it in good faith reasonably believes contains non-public confidential, proprietary, trade secret or other commercially-sensitive information. A party shall designate material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that it in good faith believes are of a commercially or other sensitive nature, the disclosure of which could reasonably be expected to result in injury to the producing party.

*See* Protective Order, ¶ 2. Although the parties have leeway to designate materials as confidential or attorneys' eyes only, the Protective Order provides that nothing in the

---

[1] The order limited the scope of the Protective Order's attorneys' eyes only designation. But since the materials at issues were not designated attorneys' eyes only, this limitation is irrelevant to this motion.

2

order "shall be construed to adjudicate the actual confidentiality of any such material . . . ." *Id.* at ¶ 7.

Smart recently filed an amended motion for partial summary judgment and a corresponding statement of material facts. *See* Docs. 140 and 141. Pertinent to this motion are two exhibits and a short deposition excerpt Smart cites in support of its motion that contain the Subject Information that CSG has designated as Confidential. In accordance with the Protective Order and the Local Rules, Smart redacted references to this information in its motion and statement of facts and inserted slip sheets in place of the allegedly "confidential" exhibits and testimony when it filed the summary judgment evidence.

Despite CSG's designations, there is no rational argument that the Subject Information is confidential, proprietary, a trade secret, or commercially sensitive information. Smart has requested CSG de-designate these materials so they can be filed with the Court, but CSG has refused. Smart now files this motion pursuant to the Protective Order seeking a determination from the Court that the subject materials are not confidential.

## **MEMORANDUM OF LAW**

Although CSG has designated the Subject Information as confidential pursuant to the Protective Order, "a party's calling a document confidential pursuant to a protective order does not make it so when it comes to filing the document with the court. *Joao Bock Transaction Sys., LLC v. Fid. Nat. Info. Services, Inc.*, 2014 WL 279656, at *1 (M.D. Fla. Jan. 24, 2014) (quotation and citation omitted). Indeed, the Protective

3

Order recognizes as much. *See* Protective Order, ¶ 7 ("Nothing in this Protective Order shall be construed to adjudicate the actual confidentiality of any such material, but rather this Protective Order is entered solely for the purpose of facilitating the discovery process in this action."). Instead, that determination is left to the Court. *See Joao Bock Transaction Sys.,* 2014 WL 279656 at * 1.

Although Smart is filing this motion pursuant to the Protective Order, it is CSG that bears the burden of demonstrating good cause to the Court why such protection should apply. *See Tillman v. Ally Financial Inc.,* 2017 WL 44661 (M.D. Fla. Feb. 2, 2017); Local Rule 1.11.[2] CSG's burden is not trivial. "The operations of the courts and the judicial conduct of judges are matters of utmost public concern, [and] [t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process. *Romero v. Drummond Co., Inc.,* 480 F.3d 1234, 1245 (11th Cir. 2007) (citations and quotations omitted). "This right includes the right to inspect and copy public records and documents." *Id.* (citation and quotation omitted). This right of access is particularly important for materials filed in connection with summary judgment motions or trial where there may be an adjudication on the merits. *See Regions Bank v. Kaplan*, 8:16-CV-2867-T-23AAS, 2017 WL 11025768, at *2 (M.D. Fla. Dec. 11, 2017)

Here, the Subject Information falls into two categories: (a) a justification for why it voluntarily reduced the rate it charges inmates for calls at the Sebastian County

---

[2] Although it is CSG's burden to prove the Subject Information should be protected, Smart filed this motion in accordance with the procedures set forth in the Protective Order.

4

facility, which reduction is the basis for CSG's claimed damages; and (b) the amount of damages CSG claims in connection with its counterclaim. CSG cannot demonstrate good cause to justify the ongoing protection of either category of information.

First, there is no rational basis to conclude that the justification for CSG reducing the rate it charges inmates for a phone call in Sebastian County is confidential. It is no secret that CSG reduced the cost of a phone call for inmates in Sebastian County from $.40 per minute to $.30 per minute when it entered into its July 21, 2020, contract with Sebastian County. *See* CSG's Statement of Material Facts, ¶ 23 (citing Sebastian, v.1, Pl. Ex. 31, which is a copy of the public contract). In fact, that rate reduction is the entire predicate for CSG's alleged damages that it claims were caused by Smart. It is incredible that CSG believes that a discussion outlining a reason for the rate reduction—a reason entirely distinct from the allegations of its counterclaim—can be confidential. The information conveyed in this email does not reveal trade secrets, sales strategies, financial information, or any other sensitive information that could somehow harm CSG. There is simply no basis to conclude that this information is confidential.

Second, there is nothing confidential about the amount of damages CSG claims on its counterclaim in this case or the short summary of how CSG arrived at that amount. Indeed, one would expect that this information would play a prominent role in any trial. Further, neither the summary nor the damages amount conveys any information to competitors or prospective clients about CSG's business model, its pricing, or any other commercially sensitive information. This information is specific

5

to a single facility in Arkansas and does not allow any person to deduce any information about CSG on a broader scale. In short, the amount of the very damages CSG seeks through this lawsuit cannot be confidential and subject to ongoing protection.

At the Court's request, Smart will submit the Subject Information to the Court for an *in camera* review.

WHEREFORE, Smart respectfully requests that the Court enter an order (i) finding that the Subject Information is not confidential, (ii) authorizing Smart to file versions of its motion for summary judgment and statement of facts with the Subject Information unredacted; (iii) authorizing Smart to file the Subject Information; and (iv) granting such further relief as the Court deems just and proper.

## Local Rule 3.01(g) Certification

Counsel for Smart and CSG have participated in telephone conferences about the issues raised in this motion and have been unable to agree on the requested relief.

Respectfully submitted,

*/s/ Brad F. Barrios*
Brad F. Barrios – FBN 35293
Trial Counsel
E-mail: bbarrios@bajocuva.com
Kenneth G. Turkel – FBN 867233
E-mail: kturkel@bajocuva.com
David A. Hayes – FBN 96657
E-mail: dhayes@bajocuva.com
BAJO | CUVA | COHEN | TURKEL
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
Tel: (813) 443-2199 | Fax: (813) 443-2193
*Counsel for Plaintiff/Counter-Defendants*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on November 12, 2021, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

                                        */s/ Brad F. Barrios*
                                        Attorney

4865-4845-9267, v. 1