UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SMART COMMUNICATIONS
HOLDING, INC.,

    Plaintiff,

v.                                                      Case No: 8:20-cv-1469-JLB-JSS

CORRECT SOLUTIONS, LLC,

    Defendant.
_____/

## ORDER

THIS MATTER is before the court on Correct Solutions, LLC's ("CSG") Motion for Order Vacating Confidentiality Designations (Dkt. 146) and Smart Communications Holding, Inc.'s ("Smart") Response in Opposition (Dkt. 158); Smart's Motion to Vacate Confidentiality Claims by Correct Solutions (Dkt. 147) and CSG's Opposition (Dkt. 159); and Smart's Motion to Exclude Irrelevant Evidence Not Timely Disclosed, for Protective Order, and for Sanctions (Dkt. 149), CSG's Response in Opposition (Dkt. 164), and Smart's Reply (Dkt. 175) ("Motions").  On January 5, 2022, the court conducted a hearing on the Motions.  For the reasons that follow, CSG's Motion for Order Vacating Confidentiality Designations (Dkt. 146) is granted in part and denied in part; Smart's Motion to Vacate Confidentiality Claims by Correct Solutions (Dkt. 147) is denied; and Smart's Motion to Exclude Irrelevant Evidence Not Timely Disclosed, for Protective Order, and for Sanctions (Dkt. 149) is denied.

## BACKGROUND

Plaintiff Smart and Defendant CSG provide inmate communications services to correctional facilities. (Dkt. 93 ¶ 2.) The parties were in a contractual relationship under which Smart provided certain communications services, including tablets and communications kiosks, to CSG's customers. According to Smart, CSG found a less expensive provider of these services and sought to terminate the contract; CSG responds that it sought a new provider and terminated the contract based on complaints about Smart's services from correctional institutions. (*Id.* ¶¶ 2–4; Dkt. 105 ¶¶ 2, 33, 34, 36, 44.)

In its Fourth Amended Complaint, Smart sues CSG for declaratory relief, breach of contract, breach of implied covenant of good faith and fair dealing, fraud, and unfair competition. (Dkt. 93 ¶¶ 143–237.) In its Fourth Amended Counterclaim, CSG brings similar claims against Smart, including tortious interference, alleging that CSG non-renewed Smart's contracts based on customer complaints and Smart's breach of contract. (Dkt. 105 ¶¶ 79–125.)

I. **Motions to Vacate Confidentiality Designations (Dkts. 146, 147)**

On May 20, 2020, the parties entered into their Stipulation for the Production and Exchange of Documents ("Confidentiality Agreement"). (Dkt. 45-1.) Thereafter, on December 2, 2020, the court entered an order adopting in part, a protective order sought by Smart in its Motion for Entry of Two-Tiered Protective Order (Dkt. 45). (Dkt. 54.) The Protective Order permits any party

> to designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" any information which that party produces in this case, whether it be a document, information contained in a document, response(s) to interrogatories, testimony given at a deposition or hearing, tangible things, or other information produced or supplied that the party in good faith reasonably believes contains non-public confidential, proprietary, trade secret or other commercially-sensitive information. A party shall designate material as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" that it in good faith believes are of a commercially or other sensitive nature, the disclosure of which could reasonably be expected to result in injury to the producing party.

(Dkt. 45-2 ¶ 2.) The Protective Order further provides that

> [i]n the event that a receiving party disagrees with any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation, the receiving party and designating party shall confer and attempt in good faith to resolve the disagreement. If the receiving party and designating party fail to resolve their dispute, the party objecting to the confidentiality designation may apply to the Court for a determination of whether the designated information should remain "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY;" provided, however, that the party making the designation shall have the burden of proving the necessity for the designation.

(*Id.* ¶ 7.) Based on this language from the Protective Order, the parties now seek to vacate certain confidentiality designations to support their motions for summary judgment and/or for use at trial. (Dkts. 146, 147.) Following the hearing on January 5, 2022, the court undertook an *in camera* review of the challenged materials.

Under the Federal Rules of Civil Procedure, a compelling reason to designate materials "confidential" exists if the materials are shown to be "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P.

26(c)(1)(G).  When a confidentiality designation is challenged, the designating party must establish "good cause" to maintain its confidentiality.  *See Consejo de Defensa Del Estado de la Republica de Chile v. Espirito Santo Bank*, No. 09-20613-civ-GRAHAM, 2010 WL 2712093 at *1 (S.D. Fla. July 7, 2010).  In order to demonstrate good cause under Rule 26(c)(1)(G), the party seeking protection must show that: (1) the information sought is a trade secret or other confidential information; and (2) the harm caused by its disclosure outweighs the need of the party seeking disclosure.  *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313–15 (11th Cir. 2001).

In its Motion for Order Vacating Confidentiality Designations, CSG seeks to vacate Smart's confidentiality designations as to certain deposition excerpts and exhibits.[1]  (Dkt. 146.)  CSG asserts that the confidentiality designations, for the testimony and deposition exhibits discussed below, "should be removed as the testimony and exhibits are not confidential and such designation by Smart was not in good faith."  (*Id.* ¶ 23.)

CSG first seeks to de-designate excerpts of testimony from James and Jon Logan's depositions that related to Jon Logan's background.  (*Id.* ¶ 24(a), (b).)  CSG contends that the testimony referenced in these excerpts "pertains to public record information" and "is not confidential."  (*Id.* ¶ 30.)  In response, Smart contends that

---

[1] CSG also sought to vacate Smart's confidentiality designations that pertained to the Confidential Supplement to Amended Rule 26 Disclosures of Smart Communications Holding, Inc. to Identify Damages by Count Dated August 27, 2021.  (Dkt. 146 ¶ 24(g).)  However, Smart provides that it "agreed to withdraw its Confidential designation identified in Paragraph 24(g) before CSG filed its Motion."  (Dkt. 158 at 4 n.1.)  Therefore, CSG's request as to this material will not be addressed.

"[t]he items identified in Paragraphs 24(a) and (b) are 'of a commercially or other sensitive nature.'" (Dkt. 158 at 3.) Smart asserts that it designated this information confidential "so that CSG could not use it to further its own business purposes." (*Id.*) Upon review of challenged material, the court finds that Smart has failed to demonstrate that the material contained in the challenged excerpt is confidential. The subject matter pertains to matters of public record. *See* (Dkt. 45-2 ¶ 2 ("Any party shall have the right to designate as 'CONFIDENTIAL' . . . any information . . . that the party in good faith reasonably believes contains non-public confidential . . . information"); *see also Consejo de Defensa Del Estado de La Republica de Chile*, 2010 WL 2712093, at *2 (finding that defendant failed to demonstrate how testimony at issue is confidential where it "relate[d] to matters that have long since been public record"). Therefore, Smart's designation of "Confidential" on the designated excerpts listed in Paragraphs 24(a) and (b) shall be removed.

Next, CSG seeks to de-designate various reports, as well as emails and deposition testimony related to those reports. *See* (Dkt. 146 ¶ 24(c)–(f).) CSG contends that these materials are not confidential and relate to Smart's procedure for handling customer complaints. (*Id.* ¶ 31.) In response, Smart contends that "the items identified in Paragraphs 24(c) through (f) are non-public and commercially sensitive." (Dkt. 158 at 4.) Specifically, Smart contends that these materials "contain information regarding Smart's internal processes and customer interaction; the disclosure of which would put Smart at a competitive disadvantage." (*Id.*)

Upon review, the court finds that Smart has demonstrated good cause for the challenged materials in Paragraphs 24(c) through (f) to remain confidential. In making this finding, the court notes that the parties remain competitors in the inmate telecommunications industry. *See* (Dkt. 54 at 5–6.) Moreover, the information contained within these materials is not publicly available. Third, the information appears to embody Smart's internal communications which reveal its process and practices for investigating complaints, assessing the value of relationships with its clients, and other information related to Smart's customers. *See Silverstein v. Procter & Gamble Mfg. Co.*, No. cv-108-003, 2008 WL 11350001, at *2 (S.D. Ga. July 18, 2008) (agreeing with defendants and maintaining confidentiality designations pertaining to corporate documents that involved "'internal procedures for responding to, handling and coding various potential questions or complaints,' as well as 'escalation procedures' for responding to complaints"). Therefore, the court finds that Smart's designation of "Confidential" on the designated items listed in Paragraphs 24(c) through (f) shall remain in place.[2]

In Smart's Motion to Vacate Confidentiality Claims by Correct Solutions, Smart seeks to vacate CSG's confidentiality designations regarding an email between CSG's director of sales and one of its account executives, and a portion of CSG's expert report which CSG designated as "attorneys' eyes only" ("AEO"). (Dkt. 147.)

---

[2] Notwithstanding, the court notes that a confidentiality designation under the Protective Order does not necessarily prevent a party from using the information within the confines of this case or at trial. As both parties acknowledge in their Motions, the Middle District of Florida's Local Rules provide for how such material may be used. *See* M.D. Fla. Loc. R. 1.11(d).

Smart contends that "[d]espite CSG's designations, there is no rational argument that the Subject Information is confidential, proprietary, a trade secret, or commercially sensitive information." (*Id.* at 3.)

Smart first seeks to de-designate an internal email between CSG's director of sales and one of its account executives that contains information concerning the rates charged by CSG and reasons why there was a rate reduction. (Dkt. 147 at 5.) In moving to vacate the confidentiality designation on this email, Smart contends that the "information conveyed in this email does not reveal trade secrets, sales strategies, financial information, or any other sensitive information that could somehow harm CSG." (*Id.*) In response, CSG argues that the email is designated confidential because it contains "business and strategy discussions." (Dkt. 159 ¶ 13.)

Upon review, the court finds that CSG has demonstrated good cause for the email to remain confidential. In making this finding, the court notes that although the reduction in rates is in the public record, CSG's reason for the reduction constitutes competitively sensitive information, which if disclosed, could give CSG's competitors a competitive advantage. *See Lockheed Martin Corp. v. Boeing Co.*, No. 6:03-cv-796-Orl-28KRS, 2005 WL 5278461, at *3 (M.D. Fla. Jan. 26, 2005) (finding the type of information that may not be disclosed to individuals engaged in competitive decision making includes sales and marketing plans, financial forecasts, margin, pricing, design, cost and customer information). As such, the designation of confidentiality shall remain in place.

Smart next seeks to remove the AEO designation of CSG's expert's Summary of Opinions of CSG's damages. (Dkt. 147.) According to Smart, neither the summary of how CSG arrived at the amount it claims on its counterclaim "nor that damages amount conveys any information to competitors or prospective clients about CSG's business model, its pricing, or any other commercially sensitive information." (*Id.* at 5.) In response, CSG asserts that the "expert report discloses financial information and data relating to its damage amounts and calculations" and that the material Smart seeks to de-designate "also includes data regarding Correct's revenues, costs including incremental costs, rate structure, profitability and other metrics pertaining to Correct's business operations." (Dkt. 159 ¶ 18.) CSG further asserts that the disclosure of this information, would result in "specified harm to Correct and to its competitive standing." (*Id.*)

Upon consideration, the court finds that CSG has demonstrated good cause for the subject material to remain confidential. In making this finding, the court again notes that the parties are competitors in the inmate telecommunications industry, and the information in the expert's report contains competitively sensitive information, the disclosure of which to Smart could give Smart or others a competitive advantage. *See Core Labs. LP v. AmSpec, LLC*, No. cv 16-00526-CG-N, 2017 WL 11444537, at *2 (S.D. Ala. May 22, 2017) (finding AEO designation was appropriate to protect confidential information against competitive misuse in trade secret litigation).

Accordingly, CSG's Motion for Order Vacating Confidentiality Designations (Dkt. 146) is granted in part and denied in part and Smart's Motion to Vacate Confidentiality Claims by Correct Solutions (Dkt. 147) is denied.

### II. Motion to Exclude Irrelevant Evidence Not Timely Disclosed, for Protective Order, and for Sanctions (Dkt. 149)

In this Motion, Smart challenges CSG's inclusion of Smart's CEO's twelve-year-old felony conviction in CSG's Statement of Material Facts in support of its pending Motion for Partial Summary Judgment. (Dkt. 149.) Smart contends that the "remote conviction is not even referenced" in the motion for summary judgment and because CSG failed to disclose the conviction in its Initial Rule 26 disclosures or several amendments as information or documents that CSG may use to support its claims or defenses, the "ambush evidence is not relevant or admissible for any purpose." (*Id.* at 2.) Specifically, Smart contends that "the evidence relating to Logan's 12-year-old conviction should be excluded as untimely and prejudicial under Rule 37. In addition, Smart should be granted a protective order under Rule 26 from references to the conviction . . . ." (*Id.* at 5–6.)

In response, CSG argues that "Smart's Motion to Exclude is, without question, a motion in limine." (Dkt. 164 at 12.) Notwithstanding, CSG contends that it did not violate Federal Rule of Civil Procedure 26 by failing to disclose the conviction because "this information had been made known to the parties during the discovery process and was known by Smart and specifically, its CEO Jon Logan for years before Correct." (*Id.* at 13.) Moreover, CSG contends that the conviction is relevant and

admissible because it goes to Jon Logan's "lack of candor from the beginning of the business relationship between Correct and Smart." (*Id.* at 2.)

Federal Rule of Civil Procedure 26(a) requires that a party provide an initial disclosure containing "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26(e) requires a party to supplement Rule 26(a) disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Rule 37(c)(1), in turn, states, in relevant part: "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Failure to disclose is 'harmless' where there is no substantial prejudice to the party entitled to receive the disclosure." *In re Disposable Contact Lens Antitrust*, 329 F.R.D. 336, 382 (M.D. Fla. Dec. 4, 2018) (citation omitted). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996).

As noted above, CSG contends that Logan's conviction "had been made known to the parties during the discovery process and was known by Smart and specifically, its CEO Jon Logan for years before Correct." (Dkt. 164 ¶ 26.) CSG maintains that the conviction and failure to disclose the conviction were addressed in the depositions of Jon Logan, James Logan, and Mark Turner, and therefore, CSG was not required to submit a supplemental disclosure. (*Id.*). Upon consideration, the court finds that although it appears that CSG did not disclose the information regarding the conviction in its initial disclosures or subsequent supplement, any error in doing so is harmless under Rule 37(c) since the information was addressed by witnesses in depositions and subject to further discovery. Moreover, Smart has failed to demonstrate any prejudice that resulted from this information not being disclosed as it was known by both parties prior to the initiation of this case. *See In re Disposable Contact Lens*, 329 F.R.D. at 382.

Next, Smart seeks entry of a protective order under Rule 26(c) to prevent CSG from "any future inquiry or use" of the conviction, "including in pre-trial and post-trial briefing." (Dkt. 149 at 10–11.) CSG contends that because it is not seeking discovery from Smart regarding the conviction, a protective order under Rule 26(c) is inappropriate. (*Id.* ¶ 28.)

Under Federal Rule of Civil Procedure 26(c), a "party or any person from whom discovery is sought may move for a protective order." Fed. R. Civ. P. 26(c)(1). As such, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* Here, however, the information regarding the conviction is not being sought in discovery.

*See Sierra Equity Grp. V. White Oak Equity Partners*, 672 F. Supp. 2d 1369, 1369–71 (S.D. Fla. 2009) ("A Protective Order issued pursuant to Fed. R. Civ. P. 26(c) is based on the standard of "good cause," which calls for a "sound basis or legitimate need" *to limit discovery* of the subject information.") (emphasis added). Accordingly, the request for a protective order is without merit.

Last, Smart asks that "[e]ven if the evidence relating to Logan's conviction is not excluded as untimely and insufficiently disclosed under Rules 26 and 37, the Court should still exclude the evidence because it is inadmissible and offered for an improper purpose." (Dkt. 149 at 11.) As noted above, CSG argues that this request is premature. (Dkt. 164 ¶ 25.)

A motion in limine is a pretrial motion by which a litigant seeks to exclude inadmissible or prejudicial evidence before it is actually offered at trial. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A motion in limine is "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). "The district court has wide discretion in determining the relevance of evidence produced at trial." *Boyd v. Ala. Dep't. of Corr.*, 296 F. App'x 907, 908 (11th Cir. 2008); *see also United States v. Nowak*, 370 F. App'x 39, 41 (11th Cir. 2010) ("District courts have broad discretion to admit probative evidence, but their discretion to exclude [relevant] evidence under Rule 403 is limited.").

Rule 609(a) provides that evidence of a prior criminal conviction that was punishable by imprisonment for more than one year "must be admitted, subject to

Rule 403, in a civil case" for purposes of impeaching the witness's credibility. Fed. R. Evid. 609(a)(1)(A). Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." However, "[b]ecause it allows a trial court to exclude evidence that is probative, Rule 403 is 'an extraordinary remedy which should be used sparingly.'" *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069 (11th Cir. 2014) (quoting *United States v. King*, 713 F.2d 627, 631 (11th Cir. 1983)). "In applying Rule 403, courts must 'look at the evidence in a light most favorable to admission, maximizing its probative value and minimizing its undue prejudicial impact.'" *Id.* (quoting *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Irrelevant evidence is inadmissible. Fed. R. Evid. 402.

Upon consideration, Smart's request to exclude any use or reference to Logan's remote arrest and conviction is premature. The evidence of Logan's conviction is not clearly inadmissible on all potential grounds and may be relevant to Logan's credibility. *See Reed v. Royal Caribbean Cruises, Ltd.*, No. 19-24668-civ, 2021 WL 4990902, at *5 (S.D. Fla. Aug. 20, 2021) (denying request to exclude evidence of convictions and noting that "[a]lthough the convictions are more than ten years old and therefore subject to the limitations set out in Rule 609(b), the evidence is not 'clearly inadmissible' on all potential grounds") (citation omitted). As such, Smart may raise its concerns related to the relevancy and admissibility of Logan's conviction in a pre-trial motion in limine or at trial. *See Stewart v. Hooters of Am., Inc.*, No. 8:04-

cv-40-T-17, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007) (noting that "[a] court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds," and denying the motion in limine as premature and noting that "[e]videntiary issues are more appropriately addressed after the record has been more fully developed").

Accordingly, it is **ORDERED**:

1. Correct Solutions, LLC's Motion for Order Vacating Confidentiality Designations (Dkt. 146) is **GRANTED in part** and **DENIED in part**.

2. Smart Communications Holding, Inc.'s Motion to Vacate Confidentiality Claims by Correct Solutions (Dkt. 147) is **DENIED**.

3. Smart Communications Holding, Inc.'s Motion to Exclude Irrelevant Evidence Not Timely Disclosed, for Protective Order, and for Sanctions (Dkt. 149) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on April 11, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record