UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SMART COMMUNICATIONS
HOLDING, INC.,

    Plaintiff,

v.                                        Case No: 8:20-cv-1469-JLB-JSS

CORRECT SOLUTIONS, LLC,

    Defendant.
_____/

## ORDER

THIS MATTER is before the court on Correct Solutions' Unopposed Motion for Leave to File Under Seal (Dkt. 190) and Smart Communications Holdings, Inc.'s Unopposed Motion for Leave to File Documents Under Seal (Dkt. 191) (collectively, the "Motions"). Upon consideration, the Motions are granted.

Correct Solutions, LLC ("Correct") moves the court for leave to file under seal two documents that have been deemed confidential, which Smart Communications Holding, Inc. ("Smart") intends to file in support of its Amended Motion for Partial Summary Judgment. (Dkt. 190 ¶ 8.) Correct asserts that the first document comprises an email containing Correct's sensitive business information. (*Id.* ¶ 7–10.) Correct next asserts that the second document is a three page "Summary of Opinions" included within Correct's expert's report that "contains very specific, non-public data related to

the business operations of Correct including competitively sensitive information related to profit, incremental costs, and calculations based on Correct's internal data." (*Id.* ¶ 15.) Correct notes that this court previously upheld the confidentiality designation of the first document and the attorney's eyes only ("AEO") designation as to the second document. (*Id.* ¶¶ 10, 18.) Smart does not oppose the requested relief. (*Id.* ¶¶ 14, 22.)

Smart also moves the court for leave to file under seal various internal reports and emails, as well as deposition excerpts discussing the reports and emails, which have been deemed confidential. (Dkt. 191.) Smart asserts that Correct has filed its notice of intent to file these materials so that the court may consider them in connection with its Motion for Partial Summary Judgment. (*Id.* at 5.) Smart asserts that the subject materials contain sensitive and confidential business information. (*Id.*) Smart further notes that this court previously upheld the confidentiality designations pertaining to these materials. (*Id.* at 8.) Correct does not oppose the requested relief. (*Id.* at 10.)

Under Local Rule 1.11(c), a party seeking to file any paper or other matter under seal if not authorized by a statute, rule, or order must: (1) must include in the title "Motion for Leave to File Under Seal"; (2) must describe the item proposed for sealing; (3) must state the reason: (A) filing the item is necessary, (B) sealing the item is necessary, and (C) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must propose a duration of the seal; (5) must state

the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (6) must include a legal memorandum supporting the seal; but (7) must not include the item proposed for sealing.  No order sealing any item shall extend beyond ninety days after a case is closed and all appeals exhausted.  M.D. Fla. Local R. 1.11(f).

Although a district court has "supervisory power over its own records and files," that power must be used responsibly to balance the public's right of access with interests favoring confidentiality. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–99 (1987).  Discovery materials are presumptively confidential and "material filed with discovery motions is not subject to the common-law right of access." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001).  However, "[m]aterial filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access," which includes the right to inspect and copy public records and documents.  *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007).  "This right of access is not absolute" and "may be overcome by a showing of good cause," taking into consideration the public interest in accessing court documents and the party's interest in keeping the information confidential.  *Id.* at 1245–46.  In particular, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* at 1246.

Upon consideration, both Correct and Smart have met the requirements of Local Rule 1.11 and have shown good cause as to why the identified documents should be filed under seal. Specifically, the items to be sealed are described in the Motions (Dkts. 190, 191), and both Correct and Smart have adequately explained why the documents must be filed under seal, as they contain information designated as either confidential or AEO. *See Barkley v. Pizza Hut of Am., Inc.*, No. 6:14-cv-376-ORL-37DAB, 2015 WL 5915817, at *3 (M.D. Fla. Oct. 8, 2015) (granting a motion to file under seal documents that contained confidential information regarding the party's business operations and confidential and competitively sensitive information); *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv-399-ORL-40TBS, 2015 WL 5897743, at *1 (M.D. Fla. Oct. 7, 2015) ("A party's interest in the privacy of its financial records and the terms of confidential agreements oftentimes outweighs the public's right of access."). As such, the court finds good cause to permit the identified documents to be filed under seal.

Accordingly, it is **ORDERED**:

1. Correct's Unopposed Motion for Leave to File Under Seal (Dkt. 190) is **GRANTED**. Correct is permitted to file, and the Clerk is directed to accept under seal, the documents identified in the Motion.

2. Smart's Unopposed Motion for Leave to File Documents Under Seal (Dkt. 191) is **GRANTED**. Smart is permitted to file, and the Clerk is directed to accept under seal, the documents identified in the Motion.

3. The documents shall remain under seal for 90 days after the case is closed and all appeals are exhausted is granted.

**DONE** and **ORDERED** in Tampa, Florida, on May 5, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record