IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 2:21CR20017-001 |
| V. | ) | |
| | ) | 18 U.S.C. § 201(b)(2)(C) |
| JOSHUA LANE OLIVER | ) | |

## INFORMATION

The United States of America charges:

### COUNT ONE
### Public Official Bribery
### Title 18 United States Code Section 201(b)(2)(C)

1. At all times material to this Information:

a. Federal detainees, to include individuals charged with Federal offenses and detained waiting trial and individuals sentenced and awaiting transportation to a Bureau of Prisons facility, were incarcerated at the Sebastian County Detention Center in Fort Smith, Arkansas under a contract with the United States Department of Justice, United State Marshall Service, Prisoner Operations Division. Pursuant to the contract, the federal detainees were required to be housed in a manner consistent with Federal law and the Core Detention Standards, the Federal government had access to all records pertaining to the agreement, and the United States Marshall Service was authorized to conduct and did conduct periodic inspections of the Detention Center.

b. The Defendant, JOSHUA LANE OLIVER, was employed as a jailer for the Sebastian County Detention Center and as such was a public official as that term is defined in 18 U.S.C.A. § 201.

1

2. From on or about February 2020, the exact date unknown, and continuing until on or about May 5, 2020, in the Western District of Arkansas, Fort Smith Division, the Defendant JOSHUA LANE OLIVER, a public official, directly and indirectly did corruptly demand, seek, receive, accept, and agree to receive and accept something of value personally, in return for being induced to do an act and omit to do an act in violation of his official duty; that is, accept money in exchange for smuggling contraband items, including a cell phone, into the Sebastian County Detention Facility and providing contraband to an inmate.

All in violation of 18 U.S.C. § 201(b)(2)(C).

DAVID CLAY FOWLKES
ACTING UNITED STATES ATTORNEY

By:

Kenneth Elser
Assistant U. S. Attorney
Arkansas Bar No. 89184
414 Parker Avenue
Fort Smith, AR 72901
Telephone: 479-494-4071
E-mail: Kenny.Elser@usdoj.gov

I hereby certify that the
foregoing is a true copy of the
original on file in U.S. District Court
Western District of Arkansas.

Jamie Giani, Clerk

By_____
Deputy Clerk

2

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:21-CR-20017-001 |
| | ) | |
| JOSHUA LANE OLIVER | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the parties hereto acknowledge that they have entered into negotiations which have resulted in this Agreement. The agreement of the parties is as follows:

### WAIVER OF INDICTMENT AND
### PLEA OF GUILTY TO INFORMATION

1. The Defendant, Joshua Lane Oliver, agrees to waive Indictment by a grand jury, and consents to the filing of an Information charging the Defendant with one count of Public Official Bribery in violation of 18 U.S.C. § 201(b)(2)(C). The Defendant further agrees to plead guilty to the Information.

### ADMISSION OF FACTUAL BASIS IN SUPPORT OF GUILTY PLEA

2. The Defendant has fully discussed with defense counsel the facts of this case and the elements of the crime to which the Defendant is pleading guilty. The Defendant has committed each of the elements of the crime to which the Defendant is pleading guilty and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

a. For several years including 2020, the United States Department of Justice, United State Marshall Service, Prisoner Operations Division has contracted with the Sebastian County Detention Center (hereinafter Detention Center) in Fort Smith, Arkansas to incarcerate federal

detainees to include individuals charged with Federal offenses and detained waiting trial and individuals sentenced and awaiting transportation to a Bureau of Prisons facility. Pursuant to the contract, the federal detainees were required to be housed in a manner consistent with Federal law and the Core Detention Standards, the Federal government had access to all records pertaining to the agreement, and the United States Marshall Service was authorized to conduct and did conduct periodic inspections of the Detention Center.

b. In mid-March 2020, the Federal Bureau of Investigation (FBI) received information from a cooperating witness that the Defendant, Joshua Lane Oliver (hereinafter Oliver), a jailer at the Detention Center, was being paid to smuggle contraband items including cellular phones to an individual who was incarcerated at the Detention Center (hereinafter Inmate A). The cooperating witness stated that Inmate A's girlfriend paid Oliver $200 per contraband item smuggled into the Detention Center for Inmate A. The cooperating witness stated that Oliver had smuggled cellular telephones and, on one occasion, methamphetamine into the Detention Center for Inmate A.

c. In the early morning hours of March 29, 2020, Detention Center jailers conducted a search of Inmate A's jail cell and discovered a cell phone, battery packs out of tablets, multiple cell phone chargers, external power bank for charging mobile devices, multiple pieces to cell phones and loose wires.

d. Phone records for Oliver's cell phone were obtained and showed frequent calls and text messages between Oliver and Inmate A's girlfriend. In April 2020, FBI Agents interviewed Inmate A's girlfriend who admitted that she had paid Oliver to smuggle contraband including cellular telephones into the Detention Center for Inmate A. Inmate A's girlfriend agreed to cooperate with the investigation. On April 29, 2020, Inmate A's girlfriend made a controlled recorded telephone call with Oliver. During the recorded phone call, Oliver agreed to use his

position at the Detention Center to smuggle a cellular phone into the Detention Center for Inmate A and made statements indicating that he had previously smuggled contraband into the Detention Center for Inmate A.

e. On May 5, 2020, Oliver was interviewed after he was advised of and waived his Miranda rights. During the interview, which was video recorded, Oliver stated among other things he had been paid $200 by Inmate A's girlfriend to smuggle a cell phone into the Detention Center for Inmate A, after the first cell phone broke he smuggled another cell phone into the Detention Center for Inmate A, and Oliver smuggled what he believed to be tobacco into the Detention Center for Inmate A on 3 or 4 occasions. Oliver stated he began smuggling contraband into the Detention Center for Inmate A because Inmate A had learned that Oliver had gotten behind on his bills and offered to pay Oliver for smuggling in contraband to him. Oliver stated Inmate A's girlfriend had paid him a total of $300 to $400 for smuggling the contraband into the jail. Oliver stated on one occasion after he had smuggled what he thought was tobacco into the Detention Center for Inmate A, some of the inmates started acting in a manner that looked to Oliver like they had taken methamphetamine. Oliver denied that he had knowingly smuggled methamphetamine into the jail.

f. Based on the facts and evidence described above and other information developed in the investigation, the United States can prove beyond a reasonable doubt that the Defendant, Joshua Lane Oliver, committed the offense of Public Official Bribery in violation of 18 U.S.C. § 201(b)(2)(C) in the Western District of Arkansas, Fort Smith Division, as alleged in the Information.

## CONSENT TO PROCEED BEFORE THE MAGISTRATE JUDGE

3. The Defendant acknowledges that he/she has been advised and understands that he has a right to have a United States District Judge presiding when he enters a guilty plea and that

he can exercise that right without concern or reservation. The Defendant and the United States

hereby consent to have the proceedings required by Rule 11 of the Federal Rules of Criminal

Procedure incident to the making of the plea to be conducted by the United States Magistrate

Judge. If, after conducting such proceedings, the Magistrate Judge recommends that the plea(s) of

guilty be accepted, a presentence investigation and report will be ordered pursuant to Federal Rule

of Criminal Procedure 32. The Defendant acknowledges that his plea of guilty is subject to

approval and acceptance by the District Judge and that sentencing will be conducted by the District

Judge.

## WAIVER OF OBJECTIONS TO MAGISTRATE'S
## REPORT AND RECOMMENDATION

4.      The parties acknowledge that pursuant to 28 U.S.C. § 636(b)(1)(B), the failure to

file objections to the Report and Recommendation within fourteen (14) days bars them from

objecting to the District Court's acceptance of the guilty plea as recommended by the Magistrate

Judge.  Having been advised of the right to object to the Report and Recommendation, the parties

wish to waive that right for the purpose of expediting acceptance of the guilty pleas(s) in this

matter. Accordingly, evidenced by their signatures appearing below, the parties hereby waive the

right to object to the Magistrate Judge's Report and Recommendation Concerning Plea of Guilty,

and consent to acceptance of the same by the United States District Judge so that acceptance of

the guilty plea(s) may proceed forthwith.

## ADVICE OF RIGHTS

5.      The Defendant hereby acknowledges that the Defendant has been advised of and

fully understands the following constitutional and statutory rights:

> a.      to have an attorney and if the Defendant cannot afford an attorney, to have
>         one provided to the Defendant and paid for at the United States' expense:
> b.      to persist in the Defendant's plea of not guilty:

- c. to have a speedy and public trial by jury;
- d. to be presumed innocent until proven guilty beyond a reasonable doubt;
- e. to confront and examine witnesses who testify against the Defendant;
- f. to call witnesses on the Defendant's behalf;
- g. to choose to testify or not testify and that no one could force the Defendant to testify; and.
- h. to have at least 30 days to prepare for trial.

## WAIVER OF RIGHTS

6.     The Defendant hereby acknowledges that the Defendant understands with respect to the count to which the Defendant pleads guilty, the Defendant thereby WAIVES all of the rights listed as (b) through (h) of the above paragraph.

## WAIVER OF ACCESS TO RECORDS

7.     The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## WAIVER OF "HYDE" CLAIM

8.     The Defendant hereby waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## EFFECTS OF BREACH OF THIS AGREEMENT BY DEFENDANT

9.     The Defendant agrees that if after signing this Plea Agreement the Defendant commits any crimes, violates any conditions of release, or fails to appear for sentencing, or if the Defendant provides information to the Probation Office or the Court that is intentionally misleading, intentionally incomplete, or intentionally untruthful, or if the Defendant violates any

term of this Plea Agreement, takes a position at sentencing which is contrary to the terms of this Plea Agreement, or attempts to withdraw from this Plea Agreement, this shall constitute a breach of this Plea Agreement which shall release the United States from any and all restrictions or obligations placed upon it under the terms of this Agreement and the United States shall be free to pursue additional charges against the Defendant. The Defendant shall, however, remain bound by the terms of the Agreement, and will not be allowed to withdraw this plea of guilty unless permitted to do so by the Court.

10.     The Defendant further agrees that a breach of any provisions of this Plea Agreement shall operate as a WAIVER of Defendant's rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, and the United States shall be allowed to use and to introduce into evidence any one or more of the following:

> a.     admissions against interest, both oral and written, made by the Defendant to any person;
> b.     statements made by the Defendant during the Defendant's change of plea hearing;
> c.     the factual basis set forth in the Plea Agreement;
> d.     any testimony given under oath in these proceedings or to a grand jury or a petit jury;
> e.     any and all physical evidence of any kind which the Defendant has provided to the United States; and,
> f.     any and all information provided by the Defendant to the United States' attorneys, or to federal, state, county, and/or local law enforcement officers.

11.     The Defendant understands and agrees that the United States shall only be required to prove a breach of the Plea Agreement by a preponderance of the evidence. The Defendant further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

## MAXIMUM PENALTIES

12.     The Defendant hereby acknowledges that the Defendant has been advised of the

maximum penalties for the count to which the Defendant is pleading guilty. By entering a plea

of guilty to the one count Information, the Defendant agrees that the Defendant faces:

    a. a maximum term of imprisonment for 15 years;
    b. a maximum fine of $250,000;
    c. both imprisonment and fine;
    d. a term of supervised release, up to three years, which begins after release from prison;
    e. a possibility of going back to prison if the Defendant violates the conditions of supervised release;
    f. a special assessment of $100.00; and,
    g. Defendant may be disqualified from holding any office of honor, trust, or profit under the United States.

## CONDITIONS OF SUPERVISED RELEASE

13. The Defendant acknowledges that if a term of supervised release is imposed as part

of the sentence, the Defendant will be subject to the standard conditions of supervised release as

recommended by the United States Sentencing Commission and may be subject to other special

conditions of supervised release as determined by the Court. The standard conditions of supervised

release are as follows:

  a. The Defendant shall report to the probation office in the federal judicial district where the Defendant is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the Defendant to report to a different probation office or within a different time frame.
  b. After initially reporting to the probation office, the Defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the Defendant shall report to the probation officer as instructed.
  c. The Defendant shall not knowingly leave the federal judicial district where the Defendant is authorized to reside without first getting permission from the court or the probation officer.
  d. The Defendant shall answer truthfully the questions asked by the probation officer.
  e. The Defendant shall live at a place approved by the probation officer. If the Defendant plans to change where the Defendant lives or anything about the Defendant's living arrangements (such as the people the Defendant lives with), the Defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

f.  The Defendant shall allow the probation officer to visit the Defendant at any time at the Defendant's home or elsewhere, and the Defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

g.  The Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the Defendant from doing so. If the Defendant does not have full-time employment the Defendant shall try to find full-time employment, unless the probation officer excuses the Defendant from doing so. If the Defendant plans to change where the Defendant works or anything about the Defendant's work (such as the position or the job responsibilities), the Defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

h.  The Defendant shall not communicate or interact with someone the Defendant knows is engaged in criminal activity. If the Defendant knows someone has been convicted of a felony, the Defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

i.  If the Defendant is arrested or questioned by a law enforcement officer, the Defendant shall notify the probation officer within 72 hours.

j.  The Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or Tasers).

k.  The Defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

l.  If the probation officer determines that the Defendant poses a risk to another person (including an organization), the probation officer may require the Defendant to notify the person about the risk and the Defendant shall comply with that instruction. The probation officer may contact the person and confirm that the Defendant has notified the person about the risk.

m.  The Defendant shall follow the instructions of the probation officer related to the conditions of supervision.

## AGREEMENT TO PROVIDE FINANCIAL INFORMATION

14.   The Defendant agrees that no later than thirty (30) days after the change of plea,

the Defendant shall complete the financial disclosure statement and the accompanying releases

provided by the United States Attorney's Office and deliver them to the United States Probation

Office and the United States Attorney's Office. This financial disclosure statement is sworn by the

Defendant to be true and correct under penalty of perjury. The Defendant agrees that his failure to

truthfully and fully complete the financial disclosure statement and accompanying releases may result in the Government objecting to the Defendant receiving a reduction for acceptance of responsibility.

## PAYMENT OF MONETARY PENALTIES

15. The Defendant agrees that monetary penalties to include special assessments, fine, and/or restitution imposed by the Court will be: (i) subject to immediate enforcement as provided in 18 U.S.C. § 3613c; and (ii) submitted to the Treasury Offset Program so that any federal payment such as an income tax refund or transfer of returned property the Defendant receives may be offset and applied to federal debt without affecting the periodic payment schedule ordered by the Court.

## NO OTHER CHARGES

16. The United States agrees that no other federal charges, which stem from the activities described in the Information, will be brought against the Defendant in the Western District of Arkansas.

## SENTENCING GUIDELINES ARE ADVISORY BUT NOT MANDATORY

17. The parties acknowledge that the Court shall consult and take into account the United States Sentencing Commission Guidelines in determining the sentence, but that the Court is not bound by the Guidelines and may sentence the Defendant to any sentence within the statutory range.

## AGREEMENT DOES NOT PROMISE A SPECIFIC SENTENCE

18. The Defendant acknowledges that discussions have taken place concerning the possible guideline range which might be applicable to this case. The Defendant agrees that any discussions merely attempt to guess at what appears to be the correct guideline range and do not

bind the District Court. Further, the Defendant acknowledges that the actual range may be greater than contemplated by the parties. In the event that the actual guideline range is greater than the parties expected, the Defendant agrees that this does not give the Defendant the right to withdraw the Defendant plea of guilty.

## RELEVANT CONDUCT CONSIDERED

19.   At the sentencing hearing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the Defendant's background, character, and conduct, including the conduct that is the subject of this investigation for which the Defendant has not been charged up to the date of this Agreement, as provided by § 1B1.3 of the Sentencing Guidelines.

## PERJURY

20.   In the event that it is determined that the Defendant has not been truthful with the Court as to any statements made while under oath, this Agreement shall not be construed to protect the Defendant from prosecution for perjury or false statement.

## CONCESSIONS BY THE UNITED STATES

21.   The United States agrees to recommend that the Defendant be sentenced to a term of imprisonment within the guideline range as determined by the Court.

22.   The United States agrees not to object to a recommendation by the Probation Office or a ruling of the Court which awards the Defendant an appropriate-level decrease in the base offense level for acceptance of responsibility.  If the offense level in the Presentence Report is 16 or greater and the Court accepts a recommendation in the Presentence Report that the Defendant receive two points for acceptance of responsibility, the United States agrees to move for an additional one-point reduction for acceptance of responsibility for a total of three points.

However, the United States will not be obligated to move for an additional one-point reduction or recommend any adjustment for acceptance of responsibility if the Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following: a) falsely denies, or makes a statement materially inconsistent with, the factual basis set forth in this Agreement; b) falsely denies additional relevant conduct in the offense; c) is untruthful with the United States, the Court, or probation officer; or d) materially breaches this Plea Agreement in any way.

## UNITED STATES' RESERVATION OF RIGHTS

23.     Although the United States agrees not to object to certain findings by the Probation Office or to rulings of the Court, it reserves the right to:

        a.     make all facts known to the Probation Office and to the Court;
        b.     call witnesses and introduce evidence in support of the Presentence Report;
        c.     contest and appeal any finding of fact or application of the Sentencing Guidelines;
        d.     contest and appeal any departure from the appropriate guideline range; and.
        e.     defend all rulings of the District Court on appeal including those rulings which may be contrary to recommendations made or positions taken by the United States in this Plea Agreement which are favorable to the Defendant.

## NO RIGHT TO WITHDRAW THE GUILTY PLEA

24.     The United States' concessions on sentencing options are non-binding and made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. As a result, if the Court should reject the Defendant's requests or recommendations for certain findings of fact or applications of the Guidelines, the Defendant acknowledges that there is no right to withdraw the guilty plea.

## AGREEMENT NOT BINDING ON THE COURT

25.     The parties agree that nothing in this Agreement binds the Court to:

        a.     make any specific finding of fact;

b.   make any particular application of the Sentencing Guidelines;

c.   hand down any specific sentence;

d.   accept any stipulation of the parties as contained in this Plea Agreement; or

e.   accept this Plea Agreement.

26.   The United States and the Defendant acknowledge that the Court has an obligation

to review the Presentence Report before it accepts or rejects this Plea Agreement.

## AGREEMENT DOES NOT BIND ANY OTHER ENTITY

27.   The parties agree that this Plea Agreement does not bind any governmental entity

other than the United States Attorney's Office for the Western District of Arkansas.

## SPECIAL ASSESSMENT

28.   The Defendant agrees to pay $100.00 as the special assessment in this case.

## REPRESENTATIONS BY DEFENDANT

29.   By signing this Plea Agreement, the Defendant acknowledges that:

a.   The Defendant has read this Plea Agreement (or has had this Plea Agreement read to him) and has carefully reviewed every part of it with defense counsel.

b.   The Defendant fully understands this Plea Agreement and is not under the influence of anything that could impede the Defendant's ability to fully understand this Plea Agreement.

c.   No promises, agreements, understandings, or conditions have been made or entered into in connection with the decision to plead guilty except those set forth in this Plea Agreement.

d.   The Defendant is satisfied with the legal services provided by defense counsel in connection with this Plea Agreement and matters related to it.

e.   The Defendant has entered into this Plea Agreement freely, voluntarily, and without reservation, and the Defendant's desire to enter a plea of guilty is not the result of threats or coercion directed at the Defendant or anyone connected with the Defendant.

## REPRESENTATIONS BY DEFENSE COUNSEL

30.   By signing this Plea Agreement, counsel for the Defendant acknowledges that:

a.   Counsel has carefully reviewed every part of this Plea Agreement with the Defendant, and this Plea Agreement accurately and completely sets forth the entire agreement between the United States and the Defendant.

b.  Counsel has explained the ramifications of the Plea Agreement to the Defendant, and believes that the Defendant understands this Plea Agreement, what rights are being lost by pleading guilty, and what the United States has agreed to do in exchange for the plea of guilty.

c.  Counsel believes that the Defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

31.  The Defendant and the Defendant's attorney both acknowledge that this Plea Agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral agreements or promises which have been made to induce the Defendant to change his plea to guilty.

Dated this _20th_ day of _april_, 2021.

JOSHUA LANE OLIVER
Defendant

MICHAEL PIERCE
Attorney for Defendant

DAVID CLAY FOWLKES
ACTING UNITED STATES ATTORNEY

By:
KENNETH ELSER
Assistant U.S. Attorney

I hereby certify that the
foregoing is a true copy of the
original on file in U.S. District Court
Western District of Arkansas.

Jamie Giani, Clerk
By
Deputy Clerk

Page 13 of 13

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 1

J193

# UNITED STATES DISTRICT COURT

Western District of Arkansas

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | |
| | Case Number:    2:21CR20017-001 |
| JOSHUA LANE OLIVER | USM Number:    46339-509 |
| | Michael David Pierce |
| | Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count(s)   One (1) of the Information on May 20, 2021.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 201(b)(2)(C) | Public Official Bribery | 05/05/2020 | 1 |

The defendant is sentenced as provided in pages 2 through _____6_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is   ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 15, 2021
Date of Imposition of Judgment

I hereby certify that the
foregoing is a true copy of the
original on file in U.S. District Court
Western District of Arkansas.

Jamie Gilani Clerk

By_____
Deputy Clerk

/s/ P.K. Holmes, III
Signature of Judge

Honorable P.K. Holmes, III, United States District Judge
Name and Title of Judge

September 16, 2021
Date

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 4—Probation

Judgment—Page ___2___ of ___6___

DEFENDANT:      JOSHUA LANE OLIVER
CASE NUMBER:    2:21CR20017-001

## PROBATION

You are hereby sentenced to probation for a term of: **three (3) years.**

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.  ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*
7.  ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*
8.  You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9.  If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution,

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 4A — Probation

**J193**

Judgment—Page    3    of    6

DEFENDANT:    JOSHUA LANE OLIVER
CASE NUMBER:    2:21CR20017-001

## STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature                                             Date

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 4D — Probation

Judgment—Page ___4___ of ___6___

DEFENDANT:        JOSHUA LANE OLIVER
CASE NUMBER:      2:21CR20017-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to inpatient or outpatient substance abuse testing, evaluation, counseling, and/or treatment, as deemed necessary and as directed by the U.S. Probation Office.

2. The defendant shall submit to inpatient or outpatient mental health testing, evaluation, counseling, and/or treatment, as deemed necessary and as directed by the U.S. Probation Office.

3. The defendant shall submit to a search of his person, real and/or personal property, residence, place of business or employment, and/or vehicle(s) conducted by the U.S. Probation Office based upon reasonable suspicion of criminal activity or a violation of any condition of supervised release.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 5 — Criminal Monetary Penalties

J193

Judgment — Page ___5___ of ___6___

DEFENDANT:          JOSHUA LANE OLIVER
CASE NUMBER:        2:21CR20017-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ -0- | $ 3,000.00 | $ -0- | $ -0- |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS**        $ _____        $ _____

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒  the interest requirement is waived for the  ☒ fine  ☐ restitution.

    ☐  the interest requirement for  ☐ fine  ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___6___ of ___6___

DEFENDANT:        JOSHUA LANE OLIVER
CASE NUMBER:      2:21CR20017-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ Lump sum payment of $ _3,100.00_ due immediately, balance due

☐ not later than _____ , or
☒ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
_____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
_____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

If not paid immediately, any unpaid financial penalty shall be payable during the period of probation in monthly installments of
$100 or 10% of the defendant's net monthly household income, whichever is greater, with the entire balance of the fine to be paid
in full one month prior to the end of the period of probation.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due
during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Case Number
Defendant and Co-Defendant Names                                      Joint and Several        Corresponding Payee,
*(including defendant number)*              Total Amount              Amount                   if appropriate

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment,
(5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of
prosecution and court costs.

Case 8:20-cv-01469-WFJ-TGW  Document 346-193  Filed 08/28/24  Page 22 of 42 PageID
Case 2:21-cr-20017-PKH  Document 3  Filed 05/20/21  Page 1 of 2 PageID #: 10
18085
J193

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO.  2:21CR20017-001 |
| v. | ) | |
| | ) | 18 U.S.C. § 201(b)(2)(C) |
| JOSHUA LANE OLIVER | ) | |

## INFORMATION

The United States of America charges:

### COUNT ONE
### Public Official Bribery
### Title 18 United States Code Section 201(b)(2)(C)

1. At all times material to this Information:

a. Federal detainees, to include individuals charged with Federal offenses and detained waiting trial and individuals sentenced and awaiting transportation to a Bureau of Prisons facility, were incarcerated at the Sebastian County Detention Center in Fort Smith, Arkansas under a contract with the United States Department of Justice, United State Marshall Service, Prisoner Operations Division. Pursuant to the contract, the federal detainees were required to be housed in a manner consistent with Federal law and the Core Detention Standards, the Federal government had access to all records pertaining to the agreement, and the United States Marshall Service was authorized to conduct and did conduct periodic inspections of the Detention Center.

b. The Defendant, JOSHUA LANE OLIVER, was employed as a jailer for the Sebastian County Detention Center and as such was a public official as that term is defined in 18 U.S.C.A. § 201.

1

Case 8:20-cv-01469-WFJ-TGW   Document 346-193   Filed 08/28/24   Page 23 of 42 PageID
Case 2:21-cr-20017-PKH   Document 5-808   Filed 05/20/21   Page 2 of 2 PageID #: 11
J193
18086

2. From on or about February 2020, the exact date unknown, and continuing until on or about May 5, 2020, in the Western District of Arkansas, Fort Smith Division, the Defendant JOSHUA LANE OLIVER, a public official, directly and indirectly did corruptly demand, seek, receive, accept, and agree to receive and accept something of value personally, in return for being induced to do an act and omit to do an act in violation of his official duty; that is, accept money in exchange for smuggling contraband items, including a cell phone, into the Sebastian County Detention Facility and providing contraband to an inmate.

All in violation of 18 U.S.C. § 201(b)(2)(C).

DAVID CLAY FOWLKES
ACTING UNITED STATES ATTORNEY

By:

Kenneth Elser
Assistant U. S. Attorney
Arkansas Bar No. 89184
414 Parker Avenue
Fort Smith, AR 72901
Telephone: 479-494-4071
E-mail: Kenny.Elser@usdoj.gov

2

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 2:21-CR-20017-001 |
| | ) |
| JOSHUA LANE OLIVER | ) |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the parties hereto acknowledge that they have entered into negotiations which have resulted in this Agreement. The agreement of the parties is as follows:

### WAIVER OF INDICTMENT AND
### PLEA OF GUILTY TO INFORMATION

1. The Defendant, Joshua Lane Oliver, agrees to waive Indictment by a grand jury, and consents to the filing of an Information charging the Defendant with one count of Public Official Bribery in violation of 18 U.S.C. § 201(b)(2)(C). The Defendant further agrees to plead guilty to the Information.

### ADMISSION OF FACTUAL BASIS IN SUPPORT OF GUILTY PLEA

2. The Defendant has fully discussed with defense counsel the facts of this case and the elements of the crime to which the Defendant is pleading guilty. The Defendant has committed each of the elements of the crime to which the Defendant is pleading guilty and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

a. For several years including 2020, the United States Department of Justice, United State Marshall Service, Prisoner Operations Division has contracted with the Sebastian County Detention Center (hereinafter Detention Center) in Fort Smith, Arkansas to incarcerate federal

Page 1 of 13

detainees to include individuals charged with Federal offenses and detained waiting trial and individuals sentenced and awaiting transportation to a Bureau of Prisons facility. Pursuant to the contract, the federal detainees were required to be housed in a manner consistent with Federal law and the Core Detention Standards, the Federal government had access to all records pertaining to the agreement, and the United States Marshall Service was authorized to conduct and did conduct periodic inspections of the Detention Center.

b. In mid-March 2020, the Federal Bureau of Investigation (FBI) received information from a cooperating witness that the Defendant, Joshua Lane Oliver (hereinafter Oliver), a jailer at the Detention Center, was being paid to smuggle contraband items including cellular phones to an individual who was incarcerated at the Detention Center (hereinafter Inmate A). The cooperating witness stated that Inmate A's girlfriend paid Oliver $200 per contraband item smuggled into the Detention Center for Inmate A. The cooperating witness stated that Oliver had smuggled cellular telephones and, on one occasion, methamphetamine into the Detention Center for Inmate A.

c. In the early morning hours of March 29, 2020, Detention Center jailers conducted a search of Inmate A's jail cell and discovered a cell phone, battery packs out of tablets, multiple cell phone chargers, external power bank for charging mobile devices, multiple pieces to cell phones and loose wires.

d. Phone records for Oliver's cell phone were obtained and showed frequent calls and text messages between Oliver and Inmate A's girlfriend. In April 2020, FBI Agents interviewed Inmate A's girlfriend who admitted that she had paid Oliver to smuggle contraband including cellular telephones into the Detention Center for Inmate A. Inmate A's girlfriend agreed to cooperate with the investigation. On April 29, 2020, Inmate A's girlfriend made a controlled recorded telephone call with Oliver. During the recorded phone call, Oliver agreed to use his

position at the Detention Center to smuggle a cellular phone into the Detention Center for Inmate
A and made statements indicating that he had previously smuggled contraband into the Detention
Center for Inmate A.

e. On May 5, 2020, Oliver was interviewed after he was advised of and waived his
Miranda rights. During the interview, which was video recorded, Oliver stated among other things
he had been paid $200 by Inmate A's girlfriend to smuggle a cell phone into the Detention Center
for Inmate A, after the first cell phone broke he smuggled another cell phone into the Detention
Center for Inmate A, and Oliver smuggled what he believed to be tobacco into the Detention Center
for Inmate A on 3 or 4 occasions. Oliver stated he began smuggling contraband into the Detention
Center for Inmate A because Inmate A had learned that Oliver had gotten behind on his bills and
offered to pay Oliver for smuggling in contraband to him. Oliver stated Inmate A's girlfriend had
paid him a total of $300 to $400 for smuggling the contraband into the jail. Oliver stated on one
occasion after he had smuggled what he thought was tobacco into the Detention Center for Inmate
A, some of the inmates started acting in a manner that looked to Oliver like they had taken
methamphetamine. Oliver denied that he had knowingly smuggled methamphetamine into the jail.

f. Based on the facts and evidence described above and other information developed
in the investigation, the United States can prove beyond a reasonable doubt that the Defendant,
Joshua Lane Oliver, committed the offense of Public Official Bribery in violation of 18 U.S.C. §
201(b)(2)(C) in the Western District of Arkansas, Fort Smith Division, as alleged in the
Information.

## CONSENT TO PROCEED BEFORE THE MAGISTRATE JUDGE

3.  The Defendant acknowledges that he/she has been advised and understands that he
has a right to have a United States District Judge presiding when he enters a guilty plea and that

he can exercise that right without concern or reservation. The Defendant and the United States
hereby consent to have the proceedings required by Rule 11 of the Federal Rules of Criminal
Procedure incident to the making of the plea to be conducted by the United States Magistrate
Judge. If, after conducting such proceedings, the Magistrate Judge recommends that the plea(s) of
guilty be accepted, a presentence investigation and report will be ordered pursuant to Federal Rule
of Criminal Procedure 32. The Defendant acknowledges that his plea of guilty is subject to
approval and acceptance by the District Judge and that sentencing will be conducted by the District
Judge.

## WAIVER OF OBJECTIONS TO MAGISTRATE'S
## REPORT AND RECOMMENDATION

4.       The parties acknowledge that pursuant to 28 U.S.C. § 636(b)(1)(B), the failure to
file objections to the Report and Recommendation within fourteen (14) days bars them from
objecting to the District Court's acceptance of the guilty plea as recommended by the Magistrate
Judge. Having been advised of the right to object to the Report and Recommendation, the parties
wish to waive that right for the purpose of expediting acceptance of the guilty pleas(s) in this
matter. Accordingly, evidenced by their signatures appearing below, the parties hereby waive the
right to object to the Magistrate Judge's Report and Recommendation Concerning Plea of Guilty,
and consent to acceptance of the same by the United States District Judge so that acceptance of
the guilty plea(s) may proceed forthwith.

## ADVICE OF RIGHTS

5.       The Defendant hereby acknowledges that the Defendant has been advised of and
fully understands the following constitutional and statutory rights:

       a.       to have an attorney and if the Defendant cannot afford an attorney, to have
                 one provided to the Defendant and paid for at the United States' expense;
       b.       to persist in the Defendant's plea of not guilty;

c.    to have a speedy and public trial by jury;

d.    to be presumed innocent until proven guilty beyond a reasonable doubt;

e.    to confront and examine witnesses who testify against the Defendant;

f.    to call witnesses on the Defendant's behalf;

g.    to choose to testify or not testify and that no one could force the Defendant to testify; and,

h.    to have at least 30 days to prepare for trial.

## WAIVER OF RIGHTS

6.    The Defendant hereby acknowledges that the Defendant understands with respect to the count to which the Defendant pleads guilty, the Defendant thereby WAIVES all of the rights listed as (b) through (h) of the above paragraph.

## WAIVER OF ACCESS TO RECORDS

7.    The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## WAIVER OF "HYDE" CLAIM

8.    The Defendant hereby waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## EFFECTS OF BREACH OF THIS AGREEMENT BY DEFENDANT

9.    The Defendant agrees that if after signing this Plea Agreement the Defendant commits any crimes, violates any conditions of release, or fails to appear for sentencing, or if the Defendant provides information to the Probation Office or the Court that is intentionally misleading, intentionally incomplete, or intentionally untruthful, or if the Defendant violates any

term of this Plea Agreement, takes a position at sentencing which is contrary to the terms of this Plea Agreement, or attempts to withdraw from this Plea Agreement, this shall constitute a breach of this Plea Agreement which shall release the United States from any and all restrictions or obligations placed upon it under the terms of this Agreement and the United States shall be free to pursue additional charges against the Defendant. The Defendant shall, however, remain bound by the terms of the Agreement, and will not be allowed to withdraw this plea of guilty unless permitted to do so by the Court.

10. The Defendant further agrees that a breach of any provisions of this Plea Agreement shall operate as a WAIVER of Defendant's rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, and the United States shall be allowed to use and to introduce into evidence any one or more of the following:

   a. admissions against interest, both oral and written, made by the Defendant to any person;
   b. statements made by the Defendant during the Defendant's change of plea hearing;
   c. the factual basis set forth in the Plea Agreement;
   d. any testimony given under oath in these proceedings or to a grand jury or a petit jury;
   e. any and all physical evidence of any kind which the Defendant has provided to the United States; and,
   f. any and all information provided by the Defendant to the United States' attorneys, or to federal, state, county, and/or local law enforcement officers.

11. The Defendant understands and agrees that the United States shall only be required to prove a breach of the Plea Agreement by a preponderance of the evidence. The Defendant further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

## MAXIMUM PENALTIES

12. The Defendant hereby acknowledges that the Defendant has been advised of the

maximum penalties for the count to which the Defendant is pleading guilty. By entering a plea

of guilty to the one count Information, the Defendant agrees that the Defendant faces:

      a.     a maximum term of imprisonment for 15 years;

      b.     a maximum fine of $250,000;

      c.     both imprisonment and fine;

      d.     a term of supervised release, up to three years, which begins after release from prison;

      e.     a possibility of going back to prison if the Defendant violates the conditions of supervised release;

      f.     a special assessment of $100.00; and,

      g.     Defendant may be disqualified from holding any office of honor, trust, or profit under the United States.

## CONDITIONS OF SUPERVISED RELEASE

13.     The Defendant acknowledges that if a term of supervised release is imposed as part

of the sentence, the Defendant will be subject to the standard conditions of supervised release as

recommended by the United States Sentencing Commission and may be subject to other special

conditions of supervised release as determined by the Court. The standard conditions of supervised

release are as follows:

    a.  The Defendant shall report to the probation office in the federal judicial district where the Defendant is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the Defendant to report to a different probation office or within a different time frame.

    b.  After initially reporting to the probation office, the Defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the Defendant shall report to the probation officer as instructed.

    c.  The Defendant shall not knowingly leave the federal judicial district where the Defendant is authorized to reside without first getting permission from the court or the probation officer.

    d.  The Defendant shall answer truthfully the questions asked by the probation officer.

    e.  The Defendant shall live at a place approved by the probation officer. If the Defendant plans to change where the Defendant lives or anything about the Defendant's living arrangements (such as the people the Defendant lives with), the Defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

f.  The Defendant shall allow the probation officer to visit the Defendant at any time at the Defendant's home or elsewhere, and the Defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

g.  The Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the Defendant from doing so. If the Defendant does not have full-time employment the Defendant shall try to find full-time employment, unless the probation officer excuses the Defendant from doing so. If the Defendant plans to change where the Defendant works or anything about the Defendant's work (such as the position or the job responsibilities), the Defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

h.  The Defendant shall not communicate or interact with someone the Defendant knows is engaged in criminal activity. If the Defendant knows someone has been convicted of a felony, the Defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

i.  If the Defendant is arrested or questioned by a law enforcement officer, the Defendant shall notify the probation officer within 72 hours.

j.  The Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or Tasers).

k.  The Defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

l.  If the probation officer determines that the Defendant poses a risk to another person (including an organization), the probation officer may require the Defendant to notify the person about the risk and the Defendant shall comply with that instruction. The probation officer may contact the person and confirm that the Defendant has notified the person about the risk.

m.  The Defendant shall follow the instructions of the probation officer related to the conditions of supervision.

## AGREEMENT TO PROVIDE FINANCIAL INFORMATION

14.     The Defendant agrees that no later than thirty (30) days after the change of plea,

the Defendant shall complete the financial disclosure statement and the accompanying releases

provided by the United States Attorney's Office and deliver them to the United States Probation

Office and the United States Attorney's Office. This financial disclosure statement is sworn by the

Defendant to be true and correct under penalty of perjury. The Defendant agrees that his failure to

truthfully and fully complete the financial disclosure statement and accompanying releases may result in the Government objecting to the Defendant receiving a reduction for acceptance of responsibility.

## PAYMENT OF MONETARY PENALTIES

15.     The Defendant agrees that monetary penalties to include special assessments, fine, and/or restitution imposed by the Court will be: (i) subject to immediate enforcement as provided in 18 U.S.C. § 3613c; and (ii) submitted to the Treasury Offset Program so that any federal payment such as an income tax refund or transfer of returned property the Defendant receives may be offset and applied to federal debt without affecting the periodic payment schedule ordered by the Court.

## NO OTHER CHARGES

16.     The United States agrees that no other federal charges, which stem from the activities described in the Information, will be brought against the Defendant in the Western District of Arkansas.

## SENTENCING GUIDELINES ARE ADVISORY BUT NOT MANDATORY

17.     The parties acknowledge that the Court shall consult and take into account the United States Sentencing Commission Guidelines in determining the sentence, but that the Court is not bound by the Guidelines and may sentence the Defendant to any sentence within the statutory range.

## AGREEMENT DOES NOT PROMISE A SPECIFIC SENTENCE

18.     The Defendant acknowledges that discussions have taken place concerning the possible guideline range which might be applicable to this case. The Defendant agrees that any discussions merely attempt to guess at what appears to be the correct guideline range and do not

bind the District Court. Further, the Defendant acknowledges that the actual range may be greater than contemplated by the parties. In the event that the actual guideline range is greater than the parties expected, the Defendant agrees that this does not give the Defendant the right to withdraw the Defendant plea of guilty.

## RELEVANT CONDUCT CONSIDERED

19. At the sentencing hearing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the Defendant's background, character, and conduct, including the conduct that is the subject of this investigation for which the Defendant has not been charged up to the date of this Agreement, as provided by § 1B1.3 of the Sentencing Guidelines.

## PERJURY

20. In the event that it is determined that the Defendant has not been truthful with the Court as to any statements made while under oath, this Agreement shall not be construed to protect the Defendant from prosecution for perjury or false statement.

## CONCESSIONS BY THE UNITED STATES

21. The United States agrees to recommend that the Defendant be sentenced to a term of imprisonment within the guideline range as determined by the Court.

22. The United States agrees not to object to a recommendation by the Probation Office or a ruling of the Court which awards the Defendant an appropriate-level decrease in the base offense level for acceptance of responsibility. If the offense level in the Presentence Report is 16 or greater and the Court accepts a recommendation in the Presentence Report that the Defendant receive two points for acceptance of responsibility, the United States agrees to move for an additional one-point reduction for acceptance of responsibility for a total of three points.

However, the United States will not be obligated to move for an additional one-point reduction or recommend any adjustment for acceptance of responsibility if the Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following: a) falsely denies, or makes a statement materially inconsistent with, the factual basis set forth in this Agreement; b) falsely denies additional relevant conduct in the offense; c) is untruthful with the United States, the Court, or probation officer; or d) materially breaches this Plea Agreement in any way.

## UNITED STATES' RESERVATION OF RIGHTS

23. Although the United States agrees not to object to certain findings by the Probation Office or to rulings of the Court, it reserves the right to:

   a.   make all facts known to the Probation Office and to the Court;
   b.   call witnesses and introduce evidence in support of the Presentence Report;
   c.   contest and appeal any finding of fact or application of the Sentencing Guidelines;
   d.   contest and appeal any departure from the appropriate guideline range; and,
   e.   defend all rulings of the District Court on appeal including those rulings which may be contrary to recommendations made or positions taken by the United States in this Plea Agreement which are favorable to the Defendant.

## NO RIGHT TO WITHDRAW THE GUILTY PLEA

24. The United States' concessions on sentencing options are non-binding and made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. As a result, if the Court should reject the Defendant's requests or recommendations for certain findings of fact or applications of the Guidelines, the Defendant acknowledges that there is no right to withdraw the guilty plea.

## AGREEMENT NOT BINDING ON THE COURT

25. The parties agree that nothing in this Agreement binds the Court to:

   a.   make any specific finding of fact;

   b. make any particular application of the Sentencing Guidelines;

   c. hand down any specific sentence;

   d. accept any stipulation of the parties as contained in this Plea Agreement; or

   e. accept this Plea Agreement.

  26. The United States and the Defendant acknowledge that the Court has an obligation

to review the Presentence Report before it accepts or rejects this Plea Agreement.

## AGREEMENT DOES NOT BIND ANY OTHER ENTITY

  27. The parties agree that this Plea Agreement does not bind any governmental entity

other than the United States Attorney's Office for the Western District of Arkansas.

## SPECIAL ASSESSMENT

  28. The Defendant agrees to pay $100.00 as the special assessment in this case.

## REPRESENTATIONS BY DEFENDANT

  29. By signing this Plea Agreement, the Defendant acknowledges that:

   a. The Defendant has read this Plea Agreement (or has had this Plea Agreement read to him) and has carefully reviewed every part of it with defense counsel.

   b. The Defendant fully understands this Plea Agreement and is not under the influence of anything that could impede the Defendant's ability to fully understand this Plea Agreement.

   c. No promises, agreements, understandings, or conditions have been made or entered into in connection with the decision to plead guilty except those set forth in this Plea Agreement.

   d. The Defendant is satisfied with the legal services provided by defense counsel in connection with this Plea Agreement and matters related to it.

   e. The Defendant has entered into this Plea Agreement freely, voluntarily, and without reservation, and the Defendant's desire to enter a plea of guilty is not the result of threats or coercion directed at the Defendant or anyone connected with the Defendant.

## REPRESENTATIONS BY DEFENSE COUNSEL

  30. By signing this Plea Agreement, counsel for the Defendant acknowledges that:

   a. Counsel has carefully reviewed every part of this Plea Agreement with the Defendant, and this Plea Agreement accurately and completely sets forth the entire agreement between the United States and the Defendant.

b.  Counsel has explained the ramifications of the Plea Agreement to the Defendant, and believes that the Defendant understands this Plea Agreement, what rights are being lost by pleading guilty, and what the United States has agreed to do in exchange for the plea of guilty.

c.  Counsel believes that the Defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

31.  The Defendant and the Defendant's attorney both acknowledge that this Plea Agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral agreements or promises which have been made to induce the Defendant to change his plea to guilty.

Dated this 20TH day of _April_ , 2021.

JOSHUA LANE OLIVER
Defendant

MICHAEL PIERCE
Attorney for Defendant

DAVID CLAY FOWLKES
ACTING UNITED STATES ATTORNEY

By:
KENNETH ELSER
Assistant U.S. Attorney

Case 8:20-cv-01469-WFJ-TGW  Document 346-193  Filed 08/28/24  Page 37 of 42 PageID
Case 2:21-cr-20017-PKH  Document 20 18100 Filed 09/16/21  Page 1 of 6 PageID #: 75
J193

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Western District of Arkansas

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| | Case Number:    2:21CR20017-001 |
| JOSHUA LANE OLIVER | USM Number:    46339-509 |
| | Michael David Pierce |
| | Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count(s)   One (1) of the Information on May 20, 2021.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 201(b)(2)(C) | Public Official Bribery | 05/05/2020 | 1 |

The defendant is sentenced as provided in pages 2 through ____6____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

　　　It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 15, 2021
Date of Imposition of Judgment

/s/ P.K. Holmes, III
Signature of Judge

Honorable P.K. Holmes, III, United States District Judge
Name and Title of Judge

September 16, 2021
Date

Case 8:20-cv-01469-WFJ-TGW   Document 346-193   Filed 08/28/24   Page 38 of 42 PageID
Case 2:21-cr-20017-PKH   Document 26-10 Filed 09/16/21   Page 2 of 6 PageID #: 76
18101
J193

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 4—Probation

Judgment—Page ___2___ of ___6___

DEFENDANT:      JOSHUA LANE OLIVER
CASE NUMBER:    2:21CR20017-001

## PROBATION

You are hereby sentenced to probation for a term of: **three (3) years.**

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.

2.  You must not unlawfully possess a controlled substance.

3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of placement on
    probation and at least two periodic drug tests thereafter, as determined by the court.

    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future
       substance abuse. *(check if applicable)*

4.  ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

5.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*)
       as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you
       reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

6.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

7.  ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*

8.  You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.

9.  If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.

10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution,

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached
page.

Case 8:20-cv-01469-WFJ-TGW  Document 346-193  Filed 08/28/24  Page 39 of 42 PageID 18102
Case 2:21-cr-20017-PKH  Document 20  Filed 09/16/21  Page 3 of 6 PageID #: 77
J193

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 4A — Probation

Judgment—Page    3    of    6

DEFENDANT:          JOSHUA LANE OLIVER
CASE NUMBER:        2:21CR20017-001

## STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

Case 8:20-cv-01469-WFJ-TGW   Document 346-193   Filed 08/28/24   Page 40 of 42 PageID
Case 2:21-cr-20017-PKH   Document 28-103 Filed 09/16/21   Page 4 of 6 PageID #: 78
J193

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
               Sheet 4D — Probation

Judgment—Page ___4___ of ___6___

DEFENDANT:     JOSHUA LANE OLIVER
CASE NUMBER:  2:21CR20017-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to inpatient or outpatient substance abuse testing, evaluation, counseling, and/or treatment, as deemed necessary and as directed by the U.S. Probation Office.

2. The defendant shall submit to inpatient or outpatient mental health testing, evaluation, counseling, and/or treatment, as deemed necessary and as directed by the U.S. Probation Office.

3. The defendant shall submit to a search of his person, real and/or personal property, residence, place of business or employment, and/or vehicle(s) conducted by the U.S. Probation Office based upon reasonable suspicion of criminal activity or a violation of any condition of supervised release.

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___5___ of ___6___

DEFENDANT: JOSHUA LANE OLIVER
CASE NUMBER: 2:21CR20017-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ -0- | $ 3,000.00 | $ -0- | $ -0- |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| **TOTALS** | $ | $ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒ the interest requirement is waived for the  ☒ fine  ☐ restitution.

    ☐ the interest requirement for  ☐ fine  ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 8:20-cv-01469-WFJ-TGW   Document 346-193   Filed 08/28/24   Page 42 of 42   PageID
Case 2:21-cr-20017-PKH   Document 26  18105  Filed 09/16/21   Page 6 of 6 PageID #: 80
J193

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___6___ of ___6___

DEFENDANT:          JOSHUA LANE OLIVER
CASE NUMBER:        2:21CR20017-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**   ☒ Lump sum payment of $ __3,100.00__ due immediately, balance due

        ☐ not later than _____, or
        ☒ in accordance with ☐ C   ☐ D,   ☐ E, or   ☒ F below; or

**B**   ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
        term of supervision; or

**E**   ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
        imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   ☒ Special instructions regarding the payment of criminal monetary penalties:

        If not paid immediately, any unpaid financial penalty shall be payable during the period of probation in monthly installments of
        $100 or 10% of the defendant's net monthly household income, whichever is greater, with the entire balance of the fine to be paid
        in full one month prior to the end of the period of probation.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due
during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

        Case Number
        Defendant and Co-Defendant Names                              Joint and Several         Corresponding Payee,
        (including defendant number)               Total Amount               Amount             if appropriate

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment,
(5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of
prosecution and court costs.